UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARTIN S MALINOU, Appellant, -vs- SEATTLE SAVINGS BANK, Appellee. | No. CA06-544S EMERGENCY MOTION FOR STAY PENDING APPEAL |

Martin S Malinou, the petitioner in a voluntary chapter 13 case filed in United States Bankruptcy Court for the District of Rhode Island on December 11, 2006, moves this Court to stay an Order of the Bankruptcy Court entered on December 13, 2006 whereby the Bankruptcy Court granted SEATTLE SAVINGS BANK'S "MOTION FOR EMERGENCY HEARING ON SEATTLE SAVINGS BANK'S EMERGENCY MOTION FOR RELIEF FROM STAY TO FORECLOSE" the "reverse mortgage" so-called on his inherited real estate and principal residence located in the City of Providence, Rhode Island. A mortgagee's sale is scheduled for Tuesday, December 19, 2006, at 11 a.m. (Letter attached)

At 5:30 p.m. on Monday, December 11, 2006, the Appellant was notified by the Bankruptcy Court that a hearing was set by that Court for Wednesday, December 13, 2006, at 10 a.m. At the hearing Appellant objected to the lack of sufficient notice and a meaningful opportunity to prepare for the hearing. After a hearing Bankruptcy Court granted (1) an expedited hearing which is reflected in the Order appended hereto (Document Number 14) and (2) appellee's motion to lift the automatic stay which may be reflected in the Order appended hereto (Document Number 14). Docket entries show that an additional form of Order is to be submitted by counsel for Appellee by December 26, 2006. Appellant has requested an expedited transcript of the hearing.

The instant motion for a stay pending appeal is sought pursuant to Bankruptcy Rule 8005. The Bankruptcy Court, Votolato, J., denied the Appellant's request for a stay pending appeal. Therefore the requirement of Rule 8005 that a request for a stay must first be presented to the bankruptcy judge has been satisfied.

In the proceedings appealed from the Appellee SEATTLE SAVINGS BANK failed to file a claim in any amount, failed to show that the holder of the mortgage is undersecured, and failed to demonstrate any emergency need to be heard on its motion to lift the automatic stay. The decision of the bankruptcy court was arbitrary in granting emergency relief.

The appellant will suffer immediate and irreparable harm as a result of the appellee SEATTLE SAVINGS BANK conducting a mortgagee's sale, selling and conveying his real estate to a bidder at the December 19, 2006 mortgagee's sale or a postponment thereof, unless the Order of the bankruptcy court appealed from is stayed pending the determination of this appeal. The appellee will not suffer substantial harm if the stay pending appeal is granted. The public interest will not be harmed if the stay is granted. Issues presented by this appeal will become moot without the stay.

The subject matter of this appeal is a Home Equity Conversion Mortgage (HECM) insured by the United States Department of Housing and Urban Development and governed by Section 206.125 Rules and Regulations enacted under section 255 of the National Housing Act (12 U.S.C. 1715z-20), published in the Federal Register, volume 54, No. 110 on June 9, 1989. The rules confer a right on a homeowner to pay and an obligation of the mortgagee to accept 95% of the appraised value of the subject property as a full payoff of the mortgage note. Therefore a mortgagee cannot be under-secured. The Rules provide (Sec. 206.125(b)) that the HUD Secretary informs mortgagor and mortgagee in writing of the appraised value of the

property. HUD Handbook 4330.1 Rev-5, Sec. 29 provides that the value shall be determined by the HUD office having jurisdiction over the property. The mortgagee does not select the appraiser.

The automatic stay against creditor actions such as foreclosure is a protection for persons voluntarily filing chapter 13 petitions under the bankruptcy laws. Appellant was arbitrarily deprived of its protection on short notice. It was plain error since the Bankruptcy Rules require at least ten days notice to file an objection to a creditor request to lift the automatic stay.

Respectfully submitted,

Martin S Malinou, pro se
334 Smith Street
Providence, RI 02908
Telephone (401)331-6554
Fax (401)331-6554

December 15, 2006

Certificate of Service

I certify that on December 15, 2006, I served a copy of the foregoing Emergency Motion For Stay Pending Appeal by facsimile on attorneys of record in the Bankruptcy Court for Seattle Savings Bank, Benjamin Scungio, Esq. and Peter Furness, Esq., and also effected service on the named attorneys of record by regular mail at their usual office address, 362 Broadway, Providence, RI 02909. I also served a copy of the Motion on Leonard D. Pasquale, US Trustee, 10 Dorrance Street (Room 910), Providence, RI 02903, by regular mail.

Martin S Malinou, pro se