UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARTIN S. MALINOU
Appellant,

Vs. Civil Docket No.: 06-00544-S-DLM

SEATTLE SAVINGS BANK
Appellee.

**SEATTLE SAVINGS BANK'S OBJECTION TO APPELLANT, MARTIN S. MALINOU'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

NOW COMES, Appellee, Seattle Savings Bank ("Seattle"), and hereby objects to Appellant, Martin S. Malinou's Emergency Motion for Stay Pending Appeal in the above-entitled matter. Appellee submits this Memorandum of Law in support of its Objection to Appellant's Emergency Motion for Stay Pending Appeal.

## I. HISTORY, FACTS AND TRAVEL OF THE CASE.

### MORTGAGE AND NOTE

1. Etta Malinou executed a Home Equity Conversion Adjustable Rate Note on November 15, 1991 to the benefit of Rhode Island Housing and Mortgage Finance Corporation ("RIHMFC"). The Note is further evidenced by a Home Equity Conversion Loan Agreement between Etta E. Malinou and RIHMFC, dated November 15, 1991 and secured by a Mortgage from Etta E. Malinou to RIHMFC, dated November 15, 1991 and recorded in the Office of the Recorder of Deeds of the City of Providence on November 27, 1991 in Book 2482 at Page 89 with respect to property located at 334 Smith Street, Providence, Rhode Island. (A copy of the Note and Mortgage are attached hereto and marked Exhibit 1 and Exhibit 2, respectively).

2. Etta Malinou failed to pay real estate taxes for 1997, 1998 and 1999.

3. Demand was made by RIHMFC on August 16, 2000 for payment in full of the outstanding balance of the Note.

4. A notice to foreclose was served upon Etta Malinou with a scheduled foreclosure date of September 28, 2000.

**ETTA MALINOU'S CHAPTER 13 BANKRUPTCY PROCEEDING**

5. On or about September 5, 2000, Etta Malinou filed a Chapter 13 bankruptcy proceeding, which stayed the foreclosure. (A copy of the Bankruptcy Docket is attached hereto and marked Exhibit 3).

6. An Order confirming the debtor's Chapter 13 Plan was entered by the Bankruptcy Court on December 20, 2000.

7. Etta Malinou defaulted by failing to make payments proposed under the Plan, including her failure to make real estate tax payments. The original plan failed and Etta Malinou filed an Amended Plan which was approved by the Court on June 3, 2002.

8. The trustee subsequently filed a motion to dismiss the case on October 3, 2002 for the debtor's failure to comply with the Amended Plan.

9. After a few continuances, a hearing was held on February 13, 2003, at which time the Court was informed of the debtor's death in January 2003.

10. An order dismissing the case was granted on February 26, 2003, effective March 26, 2003.

**ASSIGNMENT OF MORTGAGE TO SEATTLE SAVINGS BANK**

11. RIHMFC assigned its rights under the Etta Malinou Note and Mortgages to Seattle pursuant to an agreement between RIHMFC and Seattle, dated April 30, 2003.

12. The assignment is dated October 31, 2002.

13. It was delivered to Seattle on June 2, 2003.

14. The assignment was recorded in the Office of the Recorder of Deeds in the City of Providence on June 3, 2003.

15. Martin Malinou is the Executor under the Etta Malinou will and alleges he is now the owner of 334 Smith Street, Providence, Rhode Island.

16. Seattle sent a letter to Martin Malinou on June 30, 2003 stating that it had purchased the loan from RIHFMC in June 2003, and the loan by its terms was due and payable.

17. Martin Malinou failed to pay the loan in full and a demand letter and notice of foreclosure were sent to Martin Malinou on August 22, 2003 scheduling a foreclosure sale for October 15, 2003.

**MARTIN MALINOU'S FIRST CHAPTER 13 BANKRUPTCY PROCEEDING**

18. On or about October 13, 2003, Martin Malinou filed a Chapter 13 bankruptcy proceeding, which stayed the foreclosure sale.

19. Thereafter, Martin Malinou filed three Chapter 13 Plans, all of which were denied by the bankruptcy court.

20. The Chapter 13 bankruptcy proceeding was dismissed by Order dated March 19, 2004. (A copy of the Bankruptcy Docket is attached hereto and marked

Exhibit 4 and a copy of the Order dismissing the case is attached hereto and marked Exhibit 5).

21. Seattle forebeared from foreclosing upon the Property from March 2004 through December 2004 to provide Martin Malinou an opportunity to pay the Note in full.

22. Martin Malinou failed to make payment to Seattle and Seattle again made demand and served Martin Malinou with a notice of foreclosure sale scheduled for March 3, 2005.

**MARTIN MALINOU'S SECOND CHAPTER 13 BANKRUPTCY PROCEEDING**

23. On or about March 2, 2005, Martin Malinou filed a second Chapter 13 bankruptcy proceeding, which stayed the foreclosure sale. (A copy of the Bankruptcy docket is attached hereto and marked Exhibit 6).

24. During this proceeding, Martin Malinou proposed a total of five (5) Chapter 13 Plans, all of which were denied by the Court.

25. The case was dismissed with prejudice on October 12, 2005 and a dismissal order was entered on the docket on October 28, 2005. (A copy of the Dismissal Order is attached hereto and marked Exhibit 7). Pursuant to 11 U.S.C. § 109(g)(2), Martin Malinou was barred for a period of one hundred eighty (180) days from refilling another bankruptcy proceeding.

**THE FIRST ACTION IN PROVIDENCE SUPERIOR COURT**

26. Martin Malinou failed to make any payment to Seattle after the dismissal and Seattle again made demand upon Martin Malinou on November 7, 2005, scheduling

a foreclosure sale for January 11, 2006. Malinou filed an action in Providence Superior Court seeking a temporary restraining order to stay the foreclosure sale.

27. The temporary restraining order was granted by J. Fortunato, the foreclosure sale was stayed and Martin Malinou thereafter sought a preliminary injunction.

28. Seattle's counsel moved to consolidate the preliminary injunction hearing with a trial on the merits.

29. On January 19, 2006, Associate Justice Judith Colenback Savage entered an Order granting the consolidation, restraining Seattle from conducting a foreclosure sale, preserving Malinou's right to advertise the continuation of the foreclosure sale from time to time to take discovery.

30. After a trial on the merits, Justice Savage, entered judgment on March 27, 2006, denying and dismissing with prejudice Counts I, II and a portion of Count IV, denied and dismissed without prejudice Counts III and a portion of Count IV of Plaintiff's Amended Complaint and entered Judgment in favor of Seattle. (A copy of the Judgment and a Transcript of the decision dated March 27, 2006 are attached hereto and marked Exhibit 8).

**MALINOU'S SECOND ACTION IN PROVIDENCE SUPERIOR COURT**

31. Martin Malinou failed to make any payment to Seattle and Seattle again made demand and served notice of a foreclosure sale scheduled for December 12, 2006.

32. On or about December 8, 2006, Malinou filed a complaint for a temporary restraining order to enjoin the foreclosure sale of the Property scheduled for December 12, 2006.

33. After an extended hearing, Justice Fortunato denied Malinou's Motion and authorized Seattle to proceed with its foreclosure sale of the Property on Tuesday, December 12, 2006. (A copy of the Transcript of this hearing is attached hereto and marked Exhibit 8).

**MALINOU'S THIRD CHAPTER 13 BANKRUPTCY PROCEEDING**

34. On or about December 11, 2006, Malinou filed his third Chapter 13 Petition, which, pursuant to 11 U.S.C. § 362, would stay the foreclosure. (A copy of the Bankruptcy Docket is attached hereto and marked Exhibit 10).

35. On December 11, 2006, Seattle filed a Motion for an Emergency Hearing pursuant to Local Bankruptcy Rule 9013-2(d) and (e) and an Emergency Motion for Relief from Stay to Foreclose on the Property. (A copy of the two Motions are attached hereto and marked Exhibit 11).

36. Malinou filed an Objection to Seattle's Motion for Emergency Hearing, which is attached hereto and marked Exhibit 12).

37. The Court entered an Order permitting Seattle to continue the foreclosure sale and advertise said continuation. (A copy of the Order is attached hereto and marked Exhibit 13).

38. The foreclosure sale was continued by Seattle to December 19, 2006 at 11:00 a.m.

39. The Court scheduled a hearing on Seattle's Motion for Emergency Hearing on December 13, 2006, and after hearing argument and reviewing Debtor's objection to said Motion, granted said Motion and immediately proceeded with the hearing on Seattle's Motion for Relief from Stay

40. After an extended evidentiary hearing before J. Votolato on December 13, 2006, the Court announced a bench decision in which it found:

a. The Bankruptcy Court adopted the arguments submitted in Seattle's pleadings and argued by its counsel;

b. The Bankruptcy Court found that there was no merit to, and Malinou failed to introduce any proof to support his allegations and defenses to Seattle's Motion for Relief;

c. The Bankruptcy Court granted Seattle's Motion for Relief; and

d. The Court denied Debtor's oral Motion for Stay Pending Appeal, leading to the within Emergency Motion for Stay.

(A copy of the Order is attached hereto and marked Exhibit 14).

## II. MALINOU'S MOTION FOR STAY PENDING APPEAL SHOULD BE DENIED

Appellant, Martin Malinou moves this Court to stay an Order of the Bankruptcy Court entered on December 13, 2006 granting Seattle's Emergency Motion for Relief from Stay to Foreclose. Appellant claims he was "arbitrarily deprived," on short notice, of the Stay protections for people filing Chapter 13 petitions. He further claims the Bankruptcy Judge's decision was "plain error since the Bankruptcy Rules require at least ten days notice to file an objection to a creditor request to lift the automatic stay."

Seattle filed an Emergency Motion for Relief from Stay pursuant to Local Bankruptcy Rule 9013-2(d)(e). Under this rule, the 10 day notice provision does not apply where a movant presents justifiable grounds to request an expedited hearing. Appellant filed his Objection to the Emergency Motion (Exhibit 12) and after hearing; the Court granted the Motion and immediately conducted the hearing on Seattle's Motion

for Relief from Stay. Under the factual circumstances, the Court found that an emergency situation existed, which warranted shortening the notice period. The Court's decision was presumably based on the fact that a foreclosure sale was pending, which sale had been previously stayed by Debtor's actions numerous times in the past, since 2000.

Appellant further claims in his Motion that Seattle failed to file a claim in any amount, failed to show that the holder of the mortgage is undersecured, and failed to demonstrate any emergency need to be heard on its motion to lift the automatic stay and that the decision of the bankruptcy court was arbitrary in granting emergency relief. Seattle argues that both Appellant's mother in her Chapter 13 Schedules and Appellant, in his two previous Chapter 13 Schedules, filed under oath, listed Seattle as an undisputed, secured creditor holding a secured claim. Neither appellant's mother nor Appellant have ever objected to the validity or the priority of Seattle's claim, and Appellant presented no evidence at the hearing on December 12, 2006 to refute the validity or priority of Seattle's claim. On December 8, 2006, Seattle argued that Seattle's claim was in excess of $295,014.

Seattle argues that its Secured position was not adequately protected and it is undersecured based upon Debtor's March 2005 appraisal of $230,000. Appellant provided no evidence at hearing to support his argument that Seattle was not undersecured or adequately protected. Further, over the course of two prior bankruptcies and through eight (8) plan attempts, the Appellant failed to file a confirmable plan that was feasible or provided credible proof he could ever fund a plan to pay Seattle.

Appellant will not suffer immediate and irreparable harm if Seattle is permitted to conduct a foreclosure sale of the Property scheduled for December 19, 2006 at 11:00 a.m. Seattle has not been paid since 2000, and first scheduled a foreclosure of the Property on September 28, 2000. Appellant has lived on the property without paying real estate taxes and making any mortgage payments to Seattle for over five (5) years and must realize the free ride will not last forever.

Appellant has had many years to attempt to refinance or sell the property or present a bona fide proposal for settlement. Instead, he has used the Bankruptcy Court, the Superior Court and is now attempting to use the District Court to continue to delay and forestall Seattle from exercising its right to foreclosure because of non-payment.

Judge Fortunato, Judge Savage and Judge Votolato have all questioned the Appellant's motivation as a result of his complete failure to produce any evidence of his ability to pay Seattle. The Courts have found that he consistently failed to present any evidence of his ability to pay Seattle or fund a purchase, regardless of the purchase price.

Seattle argues that it has been substantially prejudiced by Appellant's failure to pay and his continued stall and delay tactics.

"On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings, findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Rule 8013 of the Federal Rules of Bankruptcy Procedure. Malinou has failed to produce any evidence to this Court that the Judge's ruling was clearly erroneous. Malinou has failed to provide

any legal argument to support a continued stay of the foreclosure pending a hearing on his Appeal.

Under Rule 8011(d) of the Federal Rules of Bankruptcy Procedure regarding emergency motions, Appellant is required to submit an affidavit in support of his motion setting forth the nature of the emergency. Appellant, in this instance, has failed to submit such an affidavit to the court and has failed to comply with the rules concerning a request for expedited action.

## III. CONCLUSION

For all of the foregoing reasons, Seattle respectfully requests that this Honorable Court deny Appellant's Emergency Motion for Stay Pending Appeal and permit the foreclosure sale scheduled for December 19, 2006 at 11:00 a.m. to proceed and grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

SEATTLE SAVINGS BANK

By its Attorneys,

DATE: December 18, 2006

/s/ Peter J. Furness (#3608)
Benjamin M. Scungio (#2902)
Lauren F. Verni (#6831)
Brennan, Recupero, Cascione,
Scungio & McAllister
362 Broadway
Providence, RI 02909
453-2300
Fax: 453-2345

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Objection was sent via facsimile and first class mail to the following on this the 18th day of December, 2006:

Electronic Mail Notice List – Parties in the case only

The following is the list of parties who are currently on this list to receive e-mail notice/service for this case.

Manual Notice List – Parties in the case only

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

Martin S. Malinou
334 Smith Street
Providence, RI 02908
401-331-6554
Fax: 401-331-6554
Email: mmalinou@net1plus.com

/s/ Peter J. Furness, Esq.