EXHIBIT 1

# HOME EQUITY CONVERSION
# NOTE

STATE OF RHODE ISLAND — FHA CASE NO. 4510344483

November 15, 1991

334 Smith Street, Providence, Rhode Island 02908
[Property Address]

1. DEFINITIONS

"Borrower" means each person signing at the end of this Note. "Lender" means Rhode Island Housing and Mortgage Financing Corporation and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

2. BORROWER'S PROMISE TO PAY; INTEREST

In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Loan Agreement dated November 15, 1991, Borrower promises to pay to the order of Lender any Loan Advance made under the Loan Agreement and interest. Interest will be charged on unpaid principal at the rate of six&.60 percent (6.60%) per year until the full amount of principal has been paid. Accrued interest shall be added to the principal balance at the end of each month. If one or more note allonges are executed by Borrower together with this Note, the covenants of the allonge(s) shall be incor-

porated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box indicating attached allonge(s).]

/ X / Adjustable Rate Allonge /__/ Shared Appreciation Allonge

3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument". That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

(A) Time

Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 6 of this Note.

(B) Place

Payment shall be made at 60 Eddy Street, Providence, Rhode Islai or any such other place as Lender may designate in writing.

(C) Limitation of liability

Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If the First Security Instrument is assigned to the Secretary,

the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

5. BORROWER'S RIGHT TO PREPAY

A Borrower receiving monthly payments under the Loan Agreement has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty on the first day of any month. Otherwise, a Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty after giving Lender two (2) weeks notice. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 10 of this Note and then to reduce the principal balance of this Note.

6. IMMEDIATE PAYMENT IN FULL

(A) Death or Sale

Lender may require immediate payment in full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) A Borrower conveys all of his or her title to the Property and no other Borrower retains title to the Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a).

(B) Other Grounds

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this Note. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

7. WAIVERS

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender

to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts under this Note.

10. RELATIONSHIP TO SECOND NOTE

(A) Second Note

Because Borrower will be required to repay amounts

which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note on the Property to the Secretary.

(B) Relationship of Secretary Payments to this Note

Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

(C) Effect on Borrower

Where there is no assignment or reimbursement as described in (B)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by Secretary, notwithstanding anything to the contrary in Paragraph 6 of this Note; or

(ii) Be obligated to pay interest or share appreciation under this Note at any time, whether accrued before

or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraph 2 of this Note or any Allonge to this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Etta E Malinou
_________________________ Borrower (Seal)
Etta E. Malinou

_________________________ Borrower (Seal)

_________________________ Borrower (Seal)

Mary Ann Lowe
_________________________ ~~Borrower (Seal)~~
WITNESS

2239J

ADJUSTABLE RATE ALLONGE
AMENDING NOTE
(Home Equity Conversion Mortgage)

THIS ADJUSTABLE RATE ALLONGE is an AMENDMENT made this 15th day of November, 19 91, and is incorporated into and shall be deemed to amend and supplement the Note ("Note") of the same date given by the undersigned ("Borrower") to evidence Borrower's indebtedness to Rhode Island Housing and Mortgage Finance Corporation ("Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed ("Security Instrument"), of the same date and covering the property described in the Security Instrument and located at:

334 Smith Street, Providence, Rhode Island 02908
[Property Address]

Notwithstanding anything to the contrary set forth in the Note, Borrower hereby agrees to the following:

1. The interest rate stated in the Note, of six&.60 per centum (6.60 %) per annum ("Initial Interest Rate"), is subject to change as hereinafter provided. Borrower promises to pay, on the unpaid principal balance, interest at the rate in effect from time to time, as adjusted in accordance with the provisions of this Amendment. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Borrower agrees to pay to the order of Lender the amount of the outstanding principal balance when due and payable, provided that Borrower is notified of such adjustments as hereinafter required.

2. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year ("Index"; the Index is published in the <u>Federal Reserve Bulletin</u> and made available by the United States Treasury Department in Statistical Release H.15 (519)). If the Index is no longer available, Lender will be required to use any index prescribed by the Department of Housing and Urban Development. Lender will notify Borrower in writing of any such substitute index (giving all necessary information for Borrower to obtain such index) and after the date of such notice the substitute index will be deemed to be the Index hereunder.

3. Lender will perform the calculations under Paragraphs 4 or 5 to determine the new adjusted interest rate. The amount of the new adjusted interest rate, if any, will be based on the Borrower's election to have a cap on both the annual and lifetime rate adjustments, or to have a maximum interest rate only for the life of the loan.

[Check the appropriate box]

/___/ maximum interest rate only for life of loan (Paragraph 5 applies).

/_X_/ a cap on both the annual and lifetime rate adjustments (Paragraph 4 applies).

4. Annual and Lifetime Caps.

(a) The first adjustment to the interest rate (if any adjustment is required) will be effective on the first day of December, 19 92 (which date will not be less than twelve months nor more than eighteen months from the date of closing) and thereafter each adjustment to the interest rate will be made effective on that day of each succeeding year ("Change Date") until the loan is repaid in full.

(b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

(c) One &.60 percentage points (1.60 %; the "Margin") will be added to the Current Index. The sum of the Margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date.

(d) The Calculated Interest Rate will be compared to the interest rate being earned immediately prior to the current Change Date (such interest rate being called the "Existing Interest Rate"). Then, the new adjusted interest rate, if any, will be determined as follows:

(i) If the Calculated Interest Rate is the same as the Existing Interest Rate, the interest rate will not change.

(ii) If the difference between the Calculated Interest Rate and the Existing Interest Rate is less than or equal to two percentage points, the new adjusted interest rate will be equal to the Calculated Interest Rate (subject to the "5% Cap" in Paragraph 4(e)).

(iii) If the Calculated Interest Rate exceeds the Existing Interest Rate by more than two percentage points, the new adjusted interest rate will be equal to two percentage points higher than the Existing Interest Rate (subject to the 5% Cap).

(iv) If the Calculated Interest Rate is less than the Existing Interest Rate by more than two percentage points, the new adjusted interest rate will be equal to two percentage points less than the Existing Interest Rate (subject to the 5% Cap).

(e) Notwithstanding anything contained in this Amendment, in no event will any new adjusted interest rate be more than five percentage (5%) points higher or lower than the Initial Interest Rate over the term of the Security Instrument.

(f) Any new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the interest rate is adjusted.

5. Lifetime Maximum Interest Rate.

(a) The first adjustment to the interest rate (if any adjustment if required) will be effective on ________N/A________, 19___, (which date will be the first day of the second full calendar month after closing) and thereafter each adjustment to the interest rate will be made effective on the first day of each succeeding month ("Change Date") until the loan is repaid in full.

(b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

(c) N/A percentage points (N/A %); the "Margin") will be added to the Current Index. The sum of the Margin plus the Current Index will be called "Calculated Interest Rate" for each Change Date.

(d) The lesser of N/A % (the lifetime maximum interest rate) or the Calculated Interest Rate will be the new adjusted rate. The new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the interest rate is adjusted.

6. (a) If the Existing Interest Rate changes on any Change Date, Lender will apply the new Existing Interest Rate to the total outstanding principal balance. At least twenty-five (25) days before the accrual interest is added to the mortgage balance, Lender will give Borrower written notice ("Adjustment Notice") of any change in the Existing Interest Rate. Each Adjustment Notice will set forth (i) the date the Adjustment Notice is given, (ii) the Change Date, (iii) the new Existing Interest Rate as adjusted on the Change Date, (iv) the Current Index and the date it was published, (v) the method of calculating the adjusted interest rate, and (vi) any other information which may be required by law from time to time.

(b) Borrower agrees to pay the interest rate by having it applied to the total outstanding principal balance beginning twenty-five (25) days after Lender has given the Adjustment Notice to Borrower. Borrower will continue to pay the adjusted interest rate amount set forth in the last Adjustment Notice given by Lender to Borrower until twenty-five (25) days after Lender has given a further Adjustment Notice to Borrower. Notwithstanding anything to the contrary contained in this Amendment or the Security Instrument, Borrower will be relieved of any obligation to pay, and Lender

will have forfeited its right to collect, any <u>increase</u> in the interest including interest added to the principal (caused by the recalculation of such amount under Paragraphs 4 and 5) before twenty-five (25) days after Lender has given the applicable Adjustment Notice to Borrower.

(c) Notwithstanding anything contained in this Amendment, in the event that (i) the Existing Interest Rate was reduced on a Change Date, and (ii) Lender failed to give the Adjustment Notice when required, and (iii) Borrower, consequently, paid any interest in excess of the amount which would have been set forth in such Adjustment Notice ("Excess Payments"), then Lender must subtract from the unpaid principal balance all Excess Payments, with interest thereon at a rate equal to the sum of the Margin and the Index on the Change Date when the Existing Interest Rate was so reduced, from the date each such Excess Payment was made by Borrower thereby increasing the available funds under the mortgage by the Excess Payment and the interest thereon.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Allonge.

Etta E. Malinou (SEAL)
Borrower Etta E. Malinou

_______________ (SEAL)
Borrower

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence, in said County, on the 15th day of November, 1991, before me personally appeared the above-named Etta E. Malinou and , both to me known and known by me to be the parties executing the foregoing instrument, and they severally acknowledged said instrument by them executed to be their free act and deed.

Mary Ann Lowe

Mary Ann Lowe Notary Public
My commission expires: 3/3/93

2267J

EXHIBIT 2

Oct 18 1991
Ap 67 Lot 71

RIHMFC Loan # 105

OPEN END MORTGAGE TO SECURE PRESENT
AND FUTURE LOANS UNDER CHAPTER 25
OF TITLE 34 OF THE GENERAL LAWS
(HOME EQUITY CONVERSION)

---

[Space Above This Line For Recording Data]

State of Rhode Island

MORTGAGE

FHA Case No.
4510344483

THIS MORTGAGE ("Security Instrument") is given on November 15 1991. The Mortgagor is Etta E. Malinou, whose address is 334 Smith Street, Providence, Rhode Island 02908 ("Borrower"). This Security Instrument is given to Rhode Island Housing and Mortgage Finance Corporation, which is organized and existing under the laws of the State of Rhode Island and whose address is 60 Eddy Street, Providence, Rhode Island ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Loan Agreement dated the same date as this Security Instrument. The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications, up to a maximum principal amount of $168,000.00; (b) the

payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with the power of sale, the following described property ("Property") located in Providence County:

which has the address of 334 Smith Street [Street], Providence [City] ("Property Address"), Rhode Island 02908 [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered.

Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2. Payment of Property Charges. Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender and the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4. Preservation and Maintenance of the Property, Leaseholds. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to

deteriorate, reasonable wear and tear excepted. Lender may inspect the property if the property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned property. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5. Charges to Borrower and Protection of Lender's Rights in the Property. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to

protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6. <u>Inspection</u>. Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property.

7. <u>Condemnation</u>. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender and Borrower jointly. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary to the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8. Fees. Lender may collect fees and charges a
ized by the Secretary.

9. Grounds for Acceleration of Debt.

(a) Due and Payable. Lender may require immediate payment in full of all sums secured by this Security Instrument if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

(ii) A Borrower conveys all of his or her title in the Property and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than ninety-nine years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower.

(b) Due and Payable with Secretary Approval. Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(ii) For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under this Security Instrument is not performed.

"Principal residence" shall have the same meaning as in the Loan Agreement.

(c) Notice to Lender. Borrower shall notify Lender whenever any of the events listed in subparagraphs (a) or (b) of this Paragraph 9 occur.

(d) Notice to Secretary and Borrower. Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under this Paragraph 9. Lender shall not have the right to foreclose until Borrower has had 30 days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the property for at least 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) Provide the Lender with a deed in lieu of foreclosure.

10. No Deficiency Judgments. Borrower shall have no personal liability for payment of the debt. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Property is foreclosed. If this Security Instrument is assigned to the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in

the future, or (iii) reinstatement will adversely affect the priority of the mortgage lien.

12. First Lien Status.

(a) Modification. If state law limits the first lien status of this Security Instrument as originally executed and recorded, to a maximum amount of debt or a maximum number of years, or if state law otherwise prevents the Lender from making Loan Advances secured by the first lien, Borrower agrees to execute any additional documents required by the Lender and approved by the Secretary to extend the first lien status to an additional amount of debt and an additional number of years and to cause any other liens to be removed or subordinated as provided in the Loan Agreement. If state law does not permit extension of the first lien status, then for purposes of Paragraph 9 Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b) Tax Deferral Programs. Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) Prior Liens. Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable

to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

13. Relationship to Second Security Instrument.

(a) Second Security Instrument. In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Security Instrument on the Property to the Secretary.

(b) Relationship of First and Second Security Instruments. Payments made by the Secretary shall not be included in the debt under the Note secured by this Security Instrument unless:

(i) This Security Instrument is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt.

(c) Effect on Borrower. Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by the Secretary and secured by the Second Security Instrument; or

(ii) Be obligated to pay interest or shared appreciation under the Note at any time whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

(d) No Duty of the Secretary. The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the

Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14. Forbearance by Lender Not a Waiver. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15. Successors and Assigns Bound; Joint and Several Liability. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. An assignment made in accordance with the regulations of the Secretary shall fully relieve the Lender of its obligations under this Security Instrument. Borrower may not assign any rights or obligations under this Security Instrument or under the Note. Borrower's covenants and agreements shall be joint and several.

16. Notices. Any notice given to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender, including any notice given pursuant to Chapter 34-25 of Rhode Island General Laws of 1956, as amended (the "General Laws"), shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided

for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph.

17. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18. Borrower's Copy. Borrower shall be given one conformed copy of this Security Instrument.

19. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's Notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all

rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender shall have and may invoke the power of sale and any other remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give notice of sale to Borrower in the manner provided in Para-

graph 16, twenty (20) days before the first advertisement of said sale. Lender shall publish and post the notice of sale, and the Property shall be sold in the manner prescribed by applicable state law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

21. Lender in Possession. Upon acceleration under Paragraph 9 or abandonment of the Property, Lender (by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

22. Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. Free Choice of Insurer. Subject to the rights of Mortgagee under Section 27-29-4(9) of the General Laws, Mortgagor is hereby notified that Mortgagor has the right of free choice in the selection of the agent and insurer through or by which insurance required in connection with the loan secured hereby is to be placed.

24. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were in a part of this Security Instrument. [Check applicable box(es)].

/__/ Condominium Rider

/ X/ Adjustable Rate Rider

/__/ Shared Appreciation Rider

/__/ Planned Unit Development Rider

/__/ Other

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

Mary Ann Lowe ____________________

Etta E Malinou ____________________ (Seal)
Borrower Etta E. Malinou

____________________

____________________ (Seal)
Borrower

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence , in said County, on the 15th day of November , 1991 , before me personally appeared the above-named Etta E. Malinou and , both to me known and known by me to be the parties executing the foregoing instrument, and they severally acknowledged said instrument by them executed to be their free act and deed.

Mary Ann Lowe
Notary Public
Mary Ann Lowe
My commission expires: 3/3/93

2238J

EXHIBIT "A"

That lot of land with all buildings and improvements thereon, situated on the southwesterly side of Smith Street in the City of Providence, County of Providence, State of Rhode Island, bounded and described as follows:

Beginning at a point in the southwesterly line of Smith Street at the northeasterly corner of land of Thomas L. O'Connell and wife; and at the northwesterly corner of the land herein described; thence southeasterly bounding northeasterly on Smith Street eighty (80) feet to land of John C. Lang, thence southwesterly and southerly bounding southeasterly and easterly on said last named land to land now or lately of Annie E. Carruthers; thence westerly bounding southerly on said last named land thirteen and 55/100 (13.55) feet, more or less, to a corner; thence northerly bounding westerly on land of Anthony Villa et ux sixteen and 7/10 (16.7) feet to a point; thence northwesterly bounding southwesterly on said last named land seventy one and 28/100 (71.28) feet to said O'Connell land; thence northeasterly bounding northwesterly on said O'Connell land sixty five and 65/100 (65.65) feet, more or less, to the point of beginning.

ADJUSTABLE RATE RIDER
(Home Equity Conversion Mortgage)

THIS ADJUSTABLE RATE RIDER is made this 15th day of November, 1991, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to Rhode Island Housing and Mortgage Finance Corporation ("Lender") of the same date and to secure the Loan Agreement of the same date and covering the property described in the Security Instrument and located at:

334 Smith Street, Providence, Rhode Island 02908
[Property Address]

THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

1. Under the Note, the initial stated interest rate of six & .60 per centum (6.60%) per annum ("Initial Interest Rate") on the unpaid principal balance is subject to change, as hereinafter described. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance.

2. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities

adjusted to a constant maturity of one year ("Index"; the Index is published in the Federal Reserve Bulletin and made available by the United States Treasury Department in Statistical Release H.15 (519)). If the Index is no longer available, Lender will be required to use any index prescribed by the Department of Housing and Urban Development. Lender will notify Borrower in writing of any such substitute index (giving all necessary information for Borrower to obtain such index) and after the date of such notice the substitute index will be deemed to be the Index hereunder.

3. Lender will perform the calculations under Paragraphs 4 or 5 to determine the new adjusted interest rate. The amount of the new adjusted interest rate, if any, will be based on the Borrower's election to have a cap on both the annual and lifetime rate adjustments, or to have a maximum interest rate only for the life of the loan.

[Check the appropriate box]

/___/ maximum interest rate for life of loan (Paragraph 5 applies).

/ X / a cap on both the annual and lifetime rate adjustments (Paragraph 4 applies).

4. Annual and Lifetime Caps.

(a) The first adjustment to the interest rate (if any adjustment is required) will be effective on the first day of December, 19 92, (which date will not be less than twelve months nor more than eighteen

months from the date of closing) and thereafter each adjustment to the interest rate will be made effective on that day of each succeeding year ("Change Date") until the loan is repaid in full.

(b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

(c) One &.60 percentage points (1.60%; the "Margin") will be added to the Current Index. The sum of the Margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date.

(d) The Calculated Interest Rate will be compared to the interest rate being earned immediately prior to the current Change Date (such interest rate being called the "Existing Interest Rate"). Then, the new adjusted interest rate, if any, will be determined as follows:

(i) If the Calculated Interest Rate is the same as the Existing Interest Rate, the interest rate will not change.

(ii) If the difference between the Calculated Interest Rate and the Existing Interest Rate is less than or equal to two percentage points, the new adjusted interest rate will be equal to the Calculated Interest Rate (subject to the "5% Cap" in Paragraph 4(e)).

(iii) If the Calculated Interest Rate exceeds the Existing Interest Rate by more than two percentage points, the new adjusted rate will be equal to two percentage points higher than the Existing Interest Rate (subject to the 5% Cap).

(iv) If the Calculated Interest Rate is less than the Existing Interest Rate by more than two percentage points, the new adjusted interest rate will be equal to two percentage points less than the Existing Interest Rate (subject to the 5% Cap).

(e) Notwithstanding anything contained in this Adjustable Rate Rider, in no event will any new adjusted interest rate be more than five percentage (5%) points higher or lower than the Initial Interest Rate over the term of the Security Instrument.

(f) Any new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the Interest rate is adjusted.

5. Lifetime Maximum Interest Rate.

(a) The first adjustment to the interest rate (if any adjustment is required) will be effective on N/A________. 19___, (which date will be the first day of the second full calendar month after closing) and thereafter each adjustment to the

interest rate will be made effective on that day of each succeeding month ("Change Date") until the loan is repaid in full.

(b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

(c) N/A percentage points (N/A %; the "Margin") will be added to the Current Index. The sum of the Margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date.

(d) The lesser of N/A % (the lifetime maximum interest rate) or the Calculated Interest Rate will be the new adjusted rate. The new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the interest rate is adjusted.

6\. (a) If the Existing Interest Rate changes on any Change Date, Lender will apply the new Existing Interest Rate to the total outstanding principal balance. At least twenty-five (25) days before the Change Date, Lender will give Borrower written notice ("Adjustment Notice") of any change in the Existing Interest Rate. Each Adjustment Notice will set forth (i) the date the

Adjustment Notice is given, (ii) the Change Date, (iii) the new Existing Interest Rate as adjusted on the Change Date, (iv) the Current Index and the date it was published, (v) the method of calculating the adjusted interest rate, and (vi) any other information which may be required by law from time to time.

(b) Borrower agrees to pay the interest rate by having it applied to the outstanding principal balance beginning twenty-five (25) days after Lender has given the Adjustment Notice to Borrower. Borrower will continue to pay the adjusted interest rate amount set forth in the last Adjustment Notice given by Lender to Borrower until twenty-five (25) days after Lender has given a further Adjustment Notice to Borrower. Notwithstanding anything to the contrary contained in this Adjustable Rate Rider or the Security Instrument, Borrower will be relieved of any obligation to pay, and Lender will have forfeited its right to collect, any <u>increase</u> in the interest including interest added to the principal (caused by the recalculation of such amount under Paragraphs 4 and 5) before twenty-five (25) days after Lender has given the applicable Adjustment Notice to Borrower.

(c) Notwithstanding anything contained in this Adjustable Rate Rider, in the event that (i) the Existing Interest Rate was reduced on a Change Date, and (ii)

Lender failed to give the Adjustment Notice when required, and (iii) Borrower, consequently, paid any interest in excess of the amount which would have been set forth in such Adjustment Notice ("Excess Payments"), then Lender must subtract from the unpaid principal balance all Excess Payments, with interest thereon at a rate equal to the sum of the Margin and the Index on the Change Date when the Existing Interest Rate was so reduced, from the date each such Excess Payment was made by Borrower thereby increasing the available funds under the mortgage by the Excess Payment and the interest thereon.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

Etta E Malinou (SEAL)
Borrower Etta E. Malinou

_______________________________ (SEAL)
Borrower

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence, in said County, on the 15th day of November, 1991 before me personally appeared the above-named Etta E. Malinou and , both to me known and known by me to be the parties executing the foregoing instrument, and they severally acknowledged said instrument by them executed to be their free act and deed.

Mary Ann Lowe
Mary Ann Lowe Notary Public
My commission expires: 3/3/93

2259J

Received for Record at 11 o'clock 12 - 7 min A M
NOV 27 1991 Robert J. Ricci
Recorder of Deeds

# ASSIGNMENT OF MORTGAGE

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, a Public Corporation, the holder of the mortgage named in and
Given by: ETTA E MALINOU

To RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION,
Dated: NOVEMBER 15, 1991

In the amount of: $ 168,000.00 and recorded in the Land Evidence Records in the Town/City of : PROVIDENCE , Rhode Island, BOOK 2482 PAGE 089 IN WHICH THE LEGAL DESCRIPTION FOLLOWS ON Attachment I; for valuable consideration Paid by SEATTLE SAVINGS BANK, to said RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, receipt whereof is hereby acknowledged, does hereby assign, transfer and set over unto said SEATTLE SAVINGS BANK the said mortgage deed, the real estate thereby conveyed, and the note and claim thereby secured.

TO HAVE AND TO HOLD the same to SEATTLE SAVINGS BANK, its successors and assigns, To their own use and behoof forever; subject nevertheless to the conditions therein contained and to Redemption according to law.

IN WITNESS WHEREOF, the said RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION has caused the corporate seal to be hereunto affixed and these presents to be executed and Delivered in its name and behalf by Cathleen A. Paniccia, Director of Homeownership Opportunity Programs, On this 31st day of October, 2002, A.D.

Cathleen A. Paniccia
Director of Homeownership
Opportunity Programs

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence on this 31st day of October, 2002 before me personally appeared Cathleen A. Paniccia, being the Director of Homeownership Opportunity Programs of Rhode Island Housing and Mortgage Finance Corporation to me known and known by me to be the party executing the foregoing Instrument, and she acknowledged said instrument, by her executed, to be her free act and deed and the free Act and deed of RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION.

Before Me,

Mary Ann Lowe, Notary Public
My commission expires: 3/6/05

EXHIBIT 3

CLOSED, DISMISSED

**United States Bankruptcy Court**
**District of Rhode Island (Providence)**
**Bankruptcy Petition #: 1:00-bk-13306**

*Assigned to:* Judge Arthur N. Votolato
Chapter 13
Voluntary
Asset

*Date Filed:* 09/25/2000
*Date Terminated:* 05/22/2003

***Debtor***
**Etta E. Malinou**
334 Smith Street
Providence, RI 02908-3789
SSN: xxx-xx-9768

represented by **Martin Malinou**
334 Smith Street
Providence, RI 02908
(401) 331-6554

***Trustee***
**John Boyajian**
Boyajian Harrington & Richardson
182 Waterman Street
Providence, RI 02906
(401) 273-9600

| Filing Date | # | Docket Text |
|---|---|---|
| 09/25/2000 | ✓ 1 | Voluntary Petition under Chapter 13; ; Proof of Claim GOVMT Deadline Due 3/26/01 Receipt # 36455 Fee Paid $ 185.00. (Rose,S.) (Entered: 09/25/2000) |
| 09/25/2000 | | Added Interested Party IRS (Rose,S.) (Entered: 09/25/2000) |
| 09/25/2000 | | Confirmation Hearing and Court's Certificate of Mailing re: for 9:30 11/9/00 6th Floor Courtroom (Rose,S.) (Entered: 09/25/2000) |
| 09/25/2000 | 2 | First Meeting of Creditors and Court's Certificate of Mailing; Creditors' Meeting Scheduled For 9:30 10/27/00 At Office of the U.S. Trustee ;Last Day to File Proofs Of Claim: 1/25/01 (Rose,S.) (Entered: 09/25/2000) |
| 09/25/2000 | | Incomplete Filings/Missing Documents:Schedules A-J, Debtor's Signed Declaration re Schs., Summary of Schedules, Stmt. of Financial Affairs w/sig., Stmt. of Atty. Compensation w/sig., Chapter 13 Plan, **RI Local Bankr. Form V, Cert. of Service of Notice to Creditors due on 10/10/00 (Rose,S.) (Entered: 09/25/2000) |
| 09/26/2000 | 3 | Deadline for missing documents satisfied re: Certificate of Service re: Notice to creditors - filed. (Fernandes,A.) (Entered: 09/26/2000) |
| 09/26/2000 | | Incomplete Filings/Missing Documents: Schedules A-J, Debtor's Signed Declaration |

| | | |
|---|---|---|
| | | re Schs., Summary of Schedules, Stmt. of Financial Affairs w/sig., Stmt. of Atty. Compensation w/sig., **RI Local Bankr. Form V Due on 10/10/00; Chapter 13 Plan Due on 10/10/00. (Fernandes,A.) (Entered: 09/26/2000) |
| 10/05/2000 | 4 | Notice of Appearance And Request For Service Of Notice By John D. Schlotter for Creditor RI Housing & Mortgage Finance Corp. (Fernandes,A.) (Entered: 10/05/2000) |
| 10/10/2000 | 5 | Motion By Debtor Etta E. Malinou To extend Time Until 10/17/00 to file Schedules and 13 Plan Served on 10/10/00 [5-1] (Fernandes,A.) (Entered: 10/11/2000) |
| 10/11/2000 | | Oral No Objection by Trustee John Boyajian to [5-1] Motion To extend Time Until 10/17/00 to file Schedules and 13 Plan by Etta E. Malinou. (Fernandes,A.) (Entered: 10/11/2000) |
| 10/11/2000 | | Endorsement Order Granting [5-1] Motion To extend Time Until 10/17/00 to file Schedules and 13 Plan by Etta E. Malinou. Missing Documents due: 10/17/00; Chapter 13 Plan due on 10/17/00. (Attorney Malinou called) (Fernandes,A.) (Entered: 10/11/2000) |
| 10/17/2000 | ✓ 6 | All Schedules and Statements; Certificate of Service re: Notice and Plan to Creditors and RI Local Bankr. Form V - filed. (Fernandes,A.) (Entered: 10/18/2000) |
| 10/17/2000 | ✓ 7 | Chapter 13 Plan filed by Debtor Etta E. Malinou [7-1] . Confirmation Hearing Scheduled for 9:30 11/9/00 (Fernandes,A.) (Entered: 10/18/2000) |
| 10/27/2000 | | First Meeting of Creditors continued generally to on or about 11/17/00 At Office of the U.S. Trustee. Debtor was in a wheelchair and unable to take the oath. Attorney for debtor will be filing pleadings with the court. (Cory,L.) (Entered: 10/27/2000) |
| 10/27/2000 | | Confirmation Hearing Not Held Re: [7-1] Chapter 13 Plan by Etta E. Malinou . Debtor was in a wheelchair and unable to take the oath at the 341 meeting. Debtor's attorney to be filing pleadings with the Court. (Cory,L.) (Entered: 10/27/2000) |
| 11/07/2000 | ✓ 8 | Objection By Creditor RI Housing & Mortgage Finance Corp. To Confirmation Of Plan Re: [7-1] Chapter 13 Plan by Etta E. Malinou . (Cory,L.) (Entered: 11/08/2000) |
| 11/07/2000 | ✓ 9 | Brief/Memorandum by Creditor RI Housing & Mortgage Finance Corp. Supporting [8-1] Objection to Confirmation by RI Housing & Mortgage Finance Corp. to [7-1] Chapter 13 Plan by Etta Malinou. Etta E. Malinou . (Cory,L.) (Entered: 11/08/2000) |
| 11/08/2000 | | Added Attorney As Counsel For RI Housing & Mortgage Finance Corp. (Cory,L.) (Entered: 11/08/2000) |
| 11/15/2000 | 10 | Motion By Debtor Etta E. Malinou To Waive Appearance At Meeting of Creditors (Fernandes,A.) (Entered: 11/15/2000) |
| 11/15/2000 | 11 | Memorandum supporting [10-1] Motion To Waive Appearance At Meeting of |

| | | |
|---|---|---|
| | | Creditors by Etta E. Malinou. (Fernandes,A.) (Entered: 11/15/2000) |
| 11/22/2000 | | First Meeting Held and Adjourned on 10/27/00. (Fernandes,A.) (Entered: 11/22/2000) |
| 11/22/2000 | | Endorsement Order Granting [10-1] Motion To Waive Appearance At Meeting of Creditors by Etta E. Malinou. (BNC) (Fernandes,A.) (Entered: 11/22/2000) |
| 11/22/2000 | | Confirmation Hearing re: [7-1] Chapter 13 Plan by Etta E. Malinou scheduled for 9:30 12/7/00 6th Floor Courtroom. (Attorney Malinou to serve all other parties) (Fernandes,A.) (Entered: 11/22/2000) |
| 12/05/2000 | 12 | Deadline for missing documents satisfied re: Certificate of Service re: Notice and Plan to creditors - filed. (Fernandes,A.) (Entered: 12/06/2000) |
| 12/07/2000 | | Confirmation Hearing Held RE: [7-1] Chapter 13 Plan by Etta E. Malinou . APPEARANCES: Richard, Malinou, Avila. Statements by Richardson regarding debtor's reverse mortgage w/RIHMFC. No payments are required, but debtor must pay taxes. Plan calls for $600/month for 5 years for 100% plan. Trustee recommends confirmation. Per Avila, taxes have not been paid in 5 years; feels plan is not feasible. Per Malinou, RIHMFC is a wholly secured creditor and is not entitled to object. Statements by Richardson that debtor should be given the opportunity to make the plan work. Court confirms plan. Order Due on 12/18/00 (Cory,L.) (Entered: 12/07/2000) |
| 12/20/2000 | ✓ 13 | Order Confirming [7-1] Chapter 13 Plan by Etta E. Malinou. (BNC) (Spaight,L.) (Entered: 12/20/2000) |
| 12/20/2000 | ✓14 | Order Requiring Payments to Fund Ch. 13 Plan. (BNC) (Spaight,L.) (Entered: 12/20/2000) |
| 03/11/2002 | ✓15 | Motion By Trustee John Boyajian To Dismiss Case Served On 3/8/02 ; Objections Due 3/21/02 [15-1] (Geraghty,A.) (Entered: 03/11/2002) |
| 03/11/2002 | ✓16 | Brief/Memorandum by Trustee John Boyajian Supporting [15-1] Motion To Dismiss Case by John Boyajian . (Geraghty,A.) (Entered: 03/11/2002) |
| 03/21/2002 | ✓17 | Objection [17-1] By Debtor Etta E. Malinou To [15-1] Motion To Dismiss Case by John Boyajian . (Geraghty,A.) (Entered: 03/21/2002) |
| 03/21/2002 | ✓ 18 | Brief/Memorandum by Debtor Etta E. Malinou Opposing [15-1] Motion To Dismiss Case by John Boyajian and Supporting [17-1] Objection by Etta E. Malinou . (Geraghty,A.) (Entered: 03/21/2002) |
| 03/25/2002 | | Hearing Re: [15-1] Motion To Dismiss Case by John Boyajian, [17-1] Objection by Etta E. Malinou scheduled For 9:30 4/18/02 at 6th Floor Courtroom. (bnc) (Fernandes,A.) (Entered: 03/25/2002) |

| | | |
|---|---|---|
| 04/18/2002 | | Hearing held Re: [15-1] Motion To Dismiss Case by John Boyajian , [17-1] Objection by Etta E. Malinou. App: Boyajian, Malinou, Robitaille. Per Boyajian, there was an arrearage of $3,000 at the time the motion was filed; now the arrearage is $3600. Trustee received a check for $1200 this date, but presses motion to dismiss. Per Malinou, some creditors did not file claims so not as much is owed by debtor. Per Trustee, no Motion to Amend the plan has been filed, and the arrearage remains. Per Robitaille, the property is set for tax sale 5/2/02. Fair Market value is $90,000 and RIHMFC is owed $170,000. They have a reverse mortgage. RIHMFC may file a M/RFS and debtor is to file M/Amend. All matters continued For 11:00 4/23/02 at 6th Floor Courtroom . BNC. (Cory,L.) (Entered: 04/18/2002) |
| 04/19/2002 | ✓19 | Motion by Debtor Etta E. Malinou To Amend Order [13-1] Confirmation of chapter 13 plan Served On 4/19/02 [19-1] (matter being heard 3/23/02 with Motion to Dismiss) (Fernandes,A.) (Entered: 04/22/2002) |
| 04/19/2002 | ✓20 | Memorandum by Debtor Etta E. Malinou supporting [19-1] Motion To Amend Order #13 Confirmation of chapter 13 plan by Etta E. Malinou . (Fernandes,A.) (Entered: 04/22/2002) |
| 04/23/2002 | ✓21 | Motion By Creditor RI Housing & Mortgage Finance Corp. To Lift Stay re: 334 Smith St., Providence, RI; Motion Summons Issued. **Objections Due: 5/6/02 **Joint Pre-Trial Order Due: 5/20/02 **Lift Stay Hearing Scheduled For 9:30 5/23/02 at 6th Floor Courtroom Receipt #47701 Fee Paid $75.00. [21-1] (Fernandes,A.) (Entered: 04/23/2002) |
| 04/23/2002 | | Hearing Re: [15-1] Motion To Dismiss Case by John Boyajian , [17-1] Objection by Etta E. Malinou rescheduled For 9:30 4/25/02 at 6th Floor Courtroom . Parties called. (Cory,L.) (Entered: 04/25/2002) |
| 04/24/2002 | | Motion Summons Served On: [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. 4/23/02 (Cory,L.) (Entered: 04/25/2002) |
| 04/24/2002 | | Certificate Of Service By Martin Malinou for Debtor Etta E. Malinou Re: [19-1] Motion To Amend Order [13-1] Confirmation of chapter 13 plan by Etta E. Malinou . Served on 4/19/02 (Fernandes,A.) (Entered: 04/25/2002) |
| 04/25/2002 | | Hearing Re: [19-1] Motion To Amend Order [13-1] Confirmation of chapter 13 plan by Etta E. Malinou scheduled in Court on 4/18/02 For 9:30 4/25/02 at 6th Floor Courtroom. Debtor's attorney had been advised to file the motion and that it would be heard 4/25/02. (Cory,L.) (Entered: 04/25/2002) |
| 04/25/2002 | | Hearing Held Re: [15-1] Motion To Dismiss Case by John Boyajian, [17-1] Objection by Etta E. Malinou ; Order Due on 5/9/02 . APPEARANCES: Boyajian, Malinou, Avila. Per Trustee, debtor's amended plan will reduce payments, but plan will remain 100%. Trustee will withdraw Motion to Dismiss. Amended plan to be set for hearing when filed. (Cory,L.) (Entered: 04/29/2002) |
| 04/29/2002 | | Hearing Re: [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. rescheduled For 9:30 5/28/02 at 6th Floor Courtroom . BNC. Parties given new |

| | | |
|---|---|---|
| | | hearing date in Court on 4/25/02. (Cory,L.) (Entered: 04/29/2002) |
| 04/29/2002 | | Amended Chapter 13 Plan to be filed o or about 5/6/02. When filed, set for hearing on 5/28/02. (Cory,L.) (Entered: 04/29/2002) |
| 04/29/2002 | | Endorsement Order Granting [19-1] Motion To Amend Confirmation Order [13-1] re Chapter 13 Plan by Etta E. Malinou. Amended plan to be filed. BNC. (Cory,L.) (Entered: 04/29/2002) |
| 04/29/2002 | ✓24 | Withdrawal of Document By: Trustee John Boyajian [15-1] Motion To Dismiss Case by John Boyajian terminated. (Cory,L.) (Entered: 04/30/2002) |
| 04/29/2002 | | Joint Pre-Trial Order Deadline Updated Re: [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. Joint Pre-Trial Order Due: 5/20/02 (Fernandes,A.) (Entered: 05/07/2002) |
| 04/30/2002 | ✓25 | Amended Chapter 13 Plan - Amendment # 1 by Debtor Etta E. Malinou, Amending [7-1] Chapter 13 Plan by Etta E. Malinou (Fernandes,A.) (Entered: 05/01/2002) |
| 04/30/2002 | 26 | Notice of Defective Pleading Issued re: [25-1] Amended 13 Plan by Etta E. Malinou Need: Amended Plan needs to be on RI Local Bankr. Form W. Compliance Of Defective Pleading Due 5/14/02. (bnc) (Fernandes,A.) (Entered: 05/01/2002) |
| 05/01/2002 | | Confirmation Hearing and Court's Certificate of Mailing re: [25-1] Amended 13 Plan by Etta E. Malinou scheduled for 9:30 5/28/02 6th Floor Courtroom; Objections to Confirmation Due 5/21/02. (bnc) (Fernandes,A.) (Entered: 05/01/2002) |
| 05/06/2002 | ✓27 | Objection [27-1] By Debtor Etta E. Malinou To [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. (Cory,L.) (Entered: 05/07/2002) |
| 05/06/2002 | ✓28 | Brief/Memorandum by Debtor Etta E. Malinou Supporting [27-1] Objection by Etta E. Malinou, to [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. (Cory,L.) (Entered: 05/07/2002) |
| 05/14/2002 | ✓29 | Amended Chapter 13 Plan - Amendment #1 by Debtor Etta E. Malinou, Amending [25-1] Amended 13 Plan by Etta E. Malinou (Fernandes,A.) (Entered: 05/15/2002) |
| 05/15/2002 | | Confirmation Hearing re: [29-1] Amended 13 Plan by Etta E. Malinou scheduled for 9:30 5/28/02 6th Floor Courtroom (Fernandes,A.) (Entered: 05/15/2002) |
| 05/21/2002 | ✓30 | Response/No objection [30-1] By Trustee John Boyajian To [29-1] Amended 13 Plan by Etta E. Malinou (Sweeney,C.) (Entered: 05/21/2002) |
| 05/22/2002 | ✓31 | Withdrawal of Document By: Creditor RI Housing & Mortgage Finance Corp. [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. terminated. (Cory,L.) (Entered: 05/23/2002) |
| | | |

| | | |
|---|---|---|
| 05/23/2002 | | Hearing Not Held Re: [21-1] Motion To Lift Stay by RI Housing & Mortgage Finance Corp. Motion withdrawn. (Cory,L.) (Entered: 05/23/2002) |
| 05/23/2002 | | Confirmation Hearing Not Held Re: [29-1] Amended 13 Plan by Etta E. Malinou . Trustee to submit order confirming plan. Order Due on 6/3/02 (Cory,L.) (Entered: 05/23/2002) |
| 06/03/2002 | 32 ✓ | Order Confirming [29-1] Amended 13 Plan by Etta E. Malinou Status Check on 6/5/06 . Check with trustee re Closing Status. BNC. (Cory,L.) (Entered: 06/03/2002) |
| 06/03/2002 | ✓ 33 | Order Requiring Payments to Fund Ch. 13 Plan. BNC. (Cory,L.) (Entered: 06/03/2002) |
| 10/03/2002 | ✓ 34 | Motion By Trustee John Boyajian To Dismiss Case Served On 10/2/02 ; Objections Due 10/15/02 [34-1] (Geraghty,A.) (Entered: 10/04/2002) |
| 10/03/2002 | ✓ 35 | Brief/Memorandum by Trustee John Boyajian Supporting [34-1] Motion To Dismiss Case by John Boyajian . (Geraghty,A.) (Entered: 10/04/2002) |
| 10/15/2002 | ✓ 36 | Objection [36-1] By Debtor Etta E. Malinou To [34-1] Motion To Dismiss Case by John Boyajian . (Cory,L.) (Entered: 10/16/2002) |
| 10/15/2002 | ✓ 37 | Brief/Memorandum by Debtor Etta E. Malinou Supporting [36-1] Objection by Etta E. Malinou, [34-1] Motion To Dismiss Case by John Boyajian . (Cory,L.) (Entered: 10/16/2002) |
| 11/04/2002 | | Hearing Re: [34-1] Motion To Dismiss Case by John Boyajian, [36-1] Objection by Etta E. Malinou scheduled For 9:30 12/5/02 at 6th Floor Courtroom. (bnc) (Fernandes,A.) (Entered: 11/04/2002) |
| 12/04/2002 | | Hearing Re: [34-1] Motion To Dismiss Case by John Boyajian, [36-1] Objection by Etta E. Malinou scheduled For 9:30 1/9/03 at 6th Floor Courtroom. (hearing rescheduled due to service issues) (bnc) (Fernandes,A.) (Entered: 12/04/2002) |
| 01/09/2003 | | Hearing Re: [34-1] Motion To Dismiss Case by John Boyajian , [36-1] Objection by Etta E. Malinou rescheduled For 9:30 2/13/03 at 6th Floor Courtroom . BNC. (Malinou called with medical emergency 1/9/03). (Cory,L.) (Entered: 01/09/2003) |
| 02/13/2003 | | Hearing Held Re: [34-1] Motion To Dismiss Case by John Boyajian, [36-1] Objection by Etta E. Malinou ; Order Due on 3/24/03 . APPEARANCES: Malinou, Boyajian. Trustee advised the debtor is deceased and requests the case be dismissed. Malinou advised that probate is continuing, requested a continuance to deal with secured creditor. Court granted the motion to dismiss; order to be held for 30 days. (Cory,L.) (Entered: 02/13/2003) |
| 02/26/2003 | ✓ 38 | Order Granting [34-1] Motion To Dismiss Case by John Boyajian . Effect of the Order stayed 30 days. BNC. (Cory,L.) (Entered: 02/26/2003) |
| | | |

| | | |
|---|---|---|
| 02/26/2003 | 39 ✓ | Judgment Order Re: [38-1] Order Granting Trustee's Motion to Dismiss. Effect of Order stayed 30 days. BNC. (Cory,L.) (Entered: 02/26/2003) |
| 05/12/2003 | ✓40 | Chapter 13 Trustee Final Report and Account Filed by Trustee John Boyajian. (Sweeney, Carolyn) (Entered: 05/20/2003) |
| 05/22/2003 | ✓41 | Order Discharging Chapter 13 Trustee & Closing Case (Sweeney, Carolyn) (Entered: 05/22/2003) |
| 05/24/2003 | 42 | BNC Certificate of Mailing - PDF Document. Service Date 05/24/2003. (Related Doc # ) (Admin.) (Entered: 05/25/2003) |
| 08/05/2004 | | FRC Storage Information Accession # 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 Location # A119180 Box # 29 (Intern, ) (Entered: 08/05/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| [illegible] | | | |
| PACER Login: | [illegible] | Client Code: | |
| Description: | Docket Report | Search Criteria: | [illegible] |
| Billable Pages: | [illegible] | Cost: | [illegible] |

EXHIBIT 4

DISMISSED, NTCAPR, CLOSED

# United States Bankruptcy Court
# District of Rhode Island (Providence)
# Bankruptcy Petition #: 1:03-bk-13552

*Assigned to:* Judge Arthur N. Votolato
Chapter 13
Voluntary
Asset

*Date Filed:* 10/10/2003
*Date Terminated:* 04/28/2004
*Date Dismissed:* 03/19/2004

***Debtor***
**Martin S. Malinou**
334 Smith Street
Providence, RI 02908
331-6554
SSN: xxx-xx-3140

represented by **Russell D. Raskin**
Raskin & Berman
116 East Manning Street
Providence, RI 02906
(401) 421-1363
Email: mail@raskinberman.com

***Trustee***
**John Boyajian**
Boyajian Harrington & Richardson
182 Waterman Street
Providence, RI 02906
(401) 273-9600

***U.S. Trustee***
**Leonard DePasquale**
US Trustee's Office
Room 910
10 Dorrance Street
Providence, RI 02903
(401) 528-5551

| Filing Date | # | Docket Text |
|---|---|---|
| 10/10/2003 | ✓ 1 | Chapter 13 Voluntary Petition. Fee Amount $185 Filed by Martin S. Malinou . Government Proof of Claim due by 4/7/2004. (OHara, Anne) (Entered: 10/10/2003) |
| 10/10/2003 | 2 | First Meeting of Creditors & Notice of Appointment of Interim Trustee John Boyajian to be held on 10/31/2003 at 10:30 AM at United States Trustee's Office. Proof of Claim due by 01/29/2004. Confirmation Hearing to be Held on 12/11/2003 at 09:30 AM at 6th Floor Courtroom (Entered: 10/10/2003) |
| 10/10/2003 | 3 | Receipt Number 57577, Fee Amount $185 (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou) (OHara, Anne) (Entered: 10/10/2003) |
| 10/10/2003 | 4 | Notice of Missing Documents and Notice of Dismissal if Documents Are Not |

| | | |
|---|---|---|
| | | Timely Filed. (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: 10/27/2003. (OHara, Anne) (Entered: 10/10/2003) |
| 10/10/2003 | 5 | Notice of Missing Documents and Notice of Dismissal if Documents Are Not Timely Filed. (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: 10/27/2003. (OHara, Anne) (Entered: 10/10/2003) |
| 10/12/2003 | 6 | BNC Certificate of Mailing - PDF Document. Service Date 10/12/2003. (Related Doc # ) (Admin.) (Entered: 10/13/2003) |
| 10/27/2003 | 7 | Motion to Extend Time until 11/3/2003 to File schedules A-J; Signed Declaration; Summary of Schedules, Statement of Financial Affairs; Chapter 13 Plan Filed by Debtor Martin S. Malinou. (Lanni, Christine) (Entered: 10/27/2003) |
| 10/27/2003 | | Oral Response (Objection) (related document(s) Motion to Extend Time filed by Debtor Martin S. Malinou). Filed by Trustee John Boyajian (Lanni, Christine) (Entered: 10/27/2003) |
| 10/27/2003 | 8 | Hearing Set (re: Oral Response filed by Trustee John Boyajian, Motion to Extend Time filed by Debtor Martin S. Malinou). Hearing scheduled for 10/28/2003 at 09:30 AM at 6th Floor Courtroom. (Lanni, Christine) (Entered: 10/27/2003) |
| 10/28/2003 | | Hearing Not Held (re: Oral Response filed by Trustee John Boyajian, Motion to Extend Time filed by Debtor Martin S. Malinou). Before court, motion can be granted to 10/31/2003. Schedules will be filed at 341 meeting and Trustee agreed. (Lanni, Christine) (Entered: 10/28/2003) |
| 10/28/2003 | 9 | Order Granting Motion to Extend Time to: 10/31/2003 . Updated Deadline Due By:10/31/2003 for missing schedules, statements and chapter 13 plan. Schedules to be filed at the 341 meeting per the hearing write-up of 10/28/2003. (Lanni, Christine) (Entered: 10/28/2003) |
| 10/29/2003 | 10 | BNC Certificate of Mailing - PDF Document. Service Date 10/29/2003. (Related Doc # ) (Admin.) (Entered: 10/30/2003) |
| 10/30/2003 | 11 | BNC Certificate of Mailing - PDF Document. Service Date 10/30/2003. (Related Doc # ) (Admin.) (Entered: 10/31/2003) |
| 10/31/2003 | | Meeting of Creditors Continued on 11/14/2003 at 10:30 AM at United States Trustee's Office (Boyajian, John) (Entered: 10/31/2003) |
| 10/31/2003 | ✓ 13 | Missing Documents Filed- All schedules and statements, Filed by Debtor Martin S. Malinou (related document(s) Order on Motion to Extend Time). (Geraghty, Amy) (Entered: 11/04/2003) |

| | | |
|---|---|---|
| 10/31/2003 | √14 | Chapter 13 Plan Filed by Debtor Martin S. Malinou . Notice of Defective Pleading To Be Issued. Certificate of Service Due by:11/13/2003. (Geraghty, Amy) (Entered: 11/04/2003) |
| 11/03/2003 | 12 | Request for Notice Filed by Seattle Mortgage Company . (Cory, Lucinda) (Entered: 11/03/2003) |
| 11/06/2003 | 15 | BNC Certificate of Mailing - PDF Document. Service Date 11/06/2003. (Related Doc # ) (Admin.) (Entered: 11/07/2003) |
| 11/06/2003 | 16 | Certificate of Service to all parties and creditors (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Davis, Jennifer) (Entered: 11/10/2003) |
| 11/17/2003 | | Meeting of Creditors Held in Chapter 13 Case. (Boyajian, John) (Entered: 11/17/2003) |
| 11/21/2003 | √17 | Trustee's Objection to Confirmation of Chapter 13 Plan (Boyajian, John) (Entered: 11/21/2003) |
| 12/04/2003 | √18 | Notice of Appearance and Request for Notice Filed by Edward G. Avila on behalf of Seattle Savings Bank . (Cory, Lucinda) (Entered: 12/05/2003) |
| 12/04/2003 | √19 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Cory, Lucinda) (Entered: 12/05/2003) |
| 12/11/2003 | | Hearing Held (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou, First Meeting (Chapter 13). APPEARANCES: Malinou, Boyajian, Avila . Trustee advised there is not enough income to make payments into the plan. Malinou requested a continuance. Court denied confirmation and gave Malinou 30 days to file an amended plan. When plan is filed, set for hearing. (Lanni, Christine) (Entered: 12/11/2003) |
| 12/11/2003 | 20 | Order Denying Confirmation of Chapter 13 Plan. Status Deadline re:Amended Plan, Motion to Reconsider Order Denying Plan, Notice of Conversion to Chapter 7 or Appeals Due by: 1/12/2004. If none has been filed, enter an order dismissing the case (Lanni, Christine) Modified on 12/31/2003 (Venuti, Jody). (Entered: 12/11/2003) |
| 12/13/2003 | 21 | BNC Certificate of Mailing - PDF Document. Service Date 12/13/2003. (Related Doc # ) (Admin.) (Entered: 12/14/2003) |
| 01/12/2004 | √22 | Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Attachments: # Certificate of Service)(Lanni, Christine) (Entered: 01/13/2004) |
| 01/13/2004 | 23 | Hearing Set (re Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Confirmation hearing to be held on 1/27/2004 at 09:30 AM at 6th Floor Courtroom. |

| | | |
|---|---|---|
| | | (Lanni, Christine) (Entered: 01/13/2004) |
| 01/15/2004 | 24 | BNC Certificate of Mailing - PDF Document. Service Date 01/15/2004. (Related Doc # ) (Admin.) (Entered: 01/16/2004) |
| 01/16/2004 | √ 25 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Cory, Lucinda) (Entered: 01/20/2004) |
| 01/27/2004 | | Hearing Held (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). APPEARANCES: Malinou; Avila; Boyajian. Trustee said plan is for $40,000 to be paid annually. Malinou requested time to file another plan. Trustee said case was filed 10/03 and no payments have been made. Statements by Avila re: no paymnets since the filing or 6-9 months prior to filing. Loan is due full in excess of $200,00. Martin Malinou called as a witness. Second Amended Plan due 2/27/04. Confirmation on Amended Plan 3/4/04 . Order Due by: 2/6/2004 from John Boyajian denying confirmation. (Lanni, Christine) (Entered: 01/27/2004) |
| 01/28/2004 | √ 26 | Proposed Order *Confirmation Denied* Filed by Trustee John Boyajian (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Status Check Due by:2/2/2004. (Boyajian, John) (Entered: 01/28/2004) |
| 01/28/2004 | | Terminate Document - ECF Error. **Incorrect Document Filed **. Document must be resubmitted (related document(s) Proposed Order filed by Trustee John Boyajian). (Lanni, Christine) (Entered: 01/28/2004) |
| 01/28/2004 | √ 27 | Proposed Order After Hearing *Confirmation Denied* Filed by Trustee John Boyajian (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Status Check Due by:2/2/2004. (Boyajian, John) (Entered: 01/28/2004) |
| 02/02/2004 | 28 | Notice of Appearance and Request for Notice Filed by William Y. Chaika on behalf of Fred J. Zuckerman , Evelyn R. Zuckerman (executrix for Fred J. Zuckerman) . (Lanni, Christine) (Entered: 02/02/2004) |
| 02/03/2004 | √ 29 | Order Denying Confirmation of Chapter 13 Plan. Status Deadline re:Amended Plan Due by: 2/27/2004; Confirmation of amended plan will be held on 3/4/2004.. (Lanni, Christine) (Entered: 02/03/2004) |
| 02/03/2004 | √ 30 | Judgment Order (re: Order Denying Confirmation of Chapter 13 Plan) (Lanni, Christine) (Entered: 02/03/2004) |
| 02/05/2004 | 31 | BNC Certificate of Mailing - PDF Document. Service Date 02/05/2004. (Related Doc # ) (Admin.) (Entered: 02/06/2004) |
| 02/05/2004 | 32 | BNC Certificate of Mailing - PDF Document. Service Date 02/05/2004. (Related Doc # ) (Admin.) (Entered: 02/06/2004) |
| 03/01/2004 | √ 33 | SECOND Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related |

| | | |
|---|---|---|
| | | document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Attachments: # Certificate of Service). Confirmation Hearing scheduled for 3/4/2004 on amended plan noted at confirmation hearing held on 1/27/2004. (Lanni, Christine) (Entered: 03/01/2004) |
| 03/01/2004 | 34 | Confirmation Hearing Set (re Amended Chapter 13 Plan, filed by Debtor Martin S. Malinou). Confirmation hearing to be held on 3/4/2004 at 09:30 AM at 6th Floor Courtroom. (Lanni, Christine) (Entered: 03/01/2004) |
| 03/02/2004 | 35 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Amended Chapter 13 Plan, filed by Debtor Martin S. Malinou). (Cory, Lucinda) (Entered: 03/03/2004) |
| 03/03/2004 | 36 | BNC Certificate of Mailing - PDF Document. Service Date 03/03/2004. (Related Doc # ) (Admin.) (Entered: 03/04/2004) |
| 03/04/2004 | 37 | Hearing Held and Continued (re Objection to Confirmation of the Plan filed by Creditor Seattle Savings Bank, Amended Chapter 13 Plan, filed by Debtor Martin S. Malinou). APPEARANCES: Avila; Malinou; Boyajian; Chaika. Trustee said case was filed in 10/03. No payments have ever been made and Trustee cannot recommend confirmation. Avila objects to the plan as the figure in the plan are not accurate and the payments would not pay the claim in full. Malinou elaborated on the plan. Parties argue feasibility issues. Chaika said he represents a claimant for $170,000. Avila advised the Court that when the appraiser entered the property, Malinou said the appraiser couldn't do an appraisal because he didn't have a commercial license. Avila said he believes the value is less than $200,000. Court ordered an appraisal within 1 week. Matter continued. Confirmation hearing to be held on 3/11/2004 at 09:30 AM at 6th Floor Courtroom. (Lanni, Christine) (Entered: 03/04/2004) |
| 03/06/2004 | 38 | BNC Certificate of Mailing - PDF Document. Service Date 03/06/2004. (Related Doc # ) (Admin.) (Entered: 03/07/2004) |
| 03/11/2004 | | Hearing Held (related document(s) Objection to Confirmation of the Plan filed by Creditor Seattle Savings Bank, Amended Chapter 13 Plan, filed by Debtor Martin S. Malinou). APPEARANCES: Malinou; Boyajian; Avila; Raskin; Chaika. Avila said balance due is $204,000.00. Avila said the appraisal was for $162,000.00. Malinou said the appraisal is below market value in his estimation. Trustee said he doesn't believe there can be a viable chp 13. Trustee doesn't know if there is equity for a liquidating chp 13. Raskin stated that Malinou is not clear on what is going on today. Raskin will enter appearance and will do a liquidating plan if there is value and have Malinou agree to do plan by next week. If no plan by next week, case will be automatically dismissed . Order Due by: 3/16/2004 . (Lanni, Christine) (Entered: 03/11/2004) |
| 03/17/2004 | 39 | Notice of Appearance and Request for Notice Filed by Russell D. Raskin on behalf of Martin S. Malinou. (Raskin, Russell) (Entered: 03/17/2004) |
| 03/17/2004 | 40 | Proposed Order After Hearing Filed by Debtor Martin S. Malinou (related document |

| | | |
|---|---|---|
| | | (s) (33) Second Amended Plan and (35) Objection (Bk)). Status Check Due by:3/22/2004. (Raskin, Russell) Modified linkage on 3/18/2004 (Venuti, Jody). (Entered: 03/17/2004) |
| 03/18/2004 | 41 | Corrective Entry Document is linked incorrectly. Linkage created to correct relationship (related document(s) Proposed Order After Hearing filed by Debtor Martin S. Malinou). (Lanni, Christine) (Entered: 03/18/2004) |
| 03/19/2004 | 42 | Order re:# Amended Chapter 13 Plan. Debtor has until 3/18/04 to file an amended liquidating plan, or the case will be dismissed. (Geraghty, Amy) (Entered: 03/19/2004) |
| 03/19/2004 | 43 | Order Dismissing Case for failure to file an amended liquidating chapter 13 plan. (related document(s): Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). Appeals/Motion for Reconsideration Due by: 3/29/2004. (Geraghty, Amy) (Entered: 03/19/2004) |
| 03/19/2004 | 44 | Judgment Order (re: Order Dismissing Case) (Geraghty, Amy) (Entered: 03/19/2004) |
| 03/21/2004 | 45 | BNC Certificate of Mailing - PDF Document. Service Date 03/21/2004. (Related Doc # ) (Admin.) (Entered: 04/02/2004) |
| 03/21/2004 | 46 | BNC Certificate of Mailing - PDF Document. Service Date 03/21/2004. (Related Doc # ) (Admin.) (Entered: 04/02/2004) |
| 03/21/2004 | 47 | BNC Certificate of Mailing - PDF Document. Service Date 03/21/2004. (Related Doc # ) (Admin.) (Entered: 04/02/2004) |
| 04/27/2004 | 48 | Chapter 13 Trustee Final Report and Account Filed by Trustee John Boyajian. (Boyajian, John) (Entered: 04/27/2004) |
| 04/28/2004 | 49 | Order Discharging Chapter 13 Trustee & Closing Case (Lanni, Christine) (Entered: 04/28/2004) |
| 04/30/2004 | 50 | BNC Certificate of Mailing - PDF Document. Service Date 04/30/2004. (Related Doc # ) (Admin.) (Entered: 05/01/2004) |

PACER Service Center

Transaction Receipt

| | | | |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 1:05-bk-13552 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| Martin S. Malinou<br>Debtor | : | BK No. 03-13552 |
| | : | Chapter 13 |

**ORDER DISMISSING CASE**

On March 11, 2004, a hearing was held on confirmation of the Debtor's amended Chapter 13 plan. By consent, the Debtor was order to file an amended liquidating Chapter 13 plan on or before March 18, 2004, or the case would be automatically dismissed. To date the Debtor has failed to file the liquidating Chapter 13 plan.

Accordingly, it is hereby ORDERED that the within case is **DISMISSED**.

**On the effective date of this Order, creditors are free to pursue their pre-bankruptcy rights against the Debtor.**

ORDER:

Deputy Clerk

ENTER:

Arthur N. Votolato
U.S. Bankruptcy Judge
Date: 3/19/04

Entered on Docket: 3/19/04

EXHIBIT U

Pro_Se, DUPFILER, NTCAPR, DISMISSED, CLOSED

**United States Bankruptcy Court**
**District of Rhode Island (Providence)**
**Bankruptcy Petition #: 1:05-bk-10618**

*Assigned to:* Judge Arthur N. Votolato
Chapter 13
Voluntary
Asset

*Date Filed:* 03/02/2005
*Date Terminated:* 01/17/2006
*Date Dismissed:* 10/28/2005

***Debtor***
**Martin S. Malinou**
334 Smith Street
Providence, RI 02908
(401) 331-6554
SSN: xxx-xx-3140

represented by **Martin S. Malinou**
PRO SE

***Trustee***
**John Boyajian**
Boyajian Harrington & Richardson
182 Waterman Street
Providence, RI 02906
(401) 273-9600

***U.S. Trustee***
**Leonard DePasquale**
US Trustee's Office
Room 910
10 Dorrance Street
Providence, RI 02903
(401) 528-5551

| Filing Date | # | Docket Text |
|---|---|---|
| 03/02/2005 | √ 1 | Chapter 13 Voluntary Petition. Fee Amount $194 Filed by Martin S. Malinou . Government Proof of Claim due by 8/29/2005. (Lanni, Christine) (Entered: 03/02/2005) |
| 03/02/2005 | 2 | 2 Day Notice of Missing Documents and Certificate of Service. (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). Missing Items: Creditor Matrix . Missing Documents Due By: 3/4/2005. (Lanni, Christine) Modified on 3/2/2005 (Venuti, Jody). (Entered: 03/02/2005) |
| 03/02/2005 | 3 | Notice of Missing Documents and Notice of Dismissal if Documents Are Not Timely Filed. (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: |

| | | |
|---|---|---|
| | | 3/17/2005. (Lanni, Christine) (Entered: 03/02/2005) |
| 03/02/2005 | 4 | Certificate of Service (related document(s) 2 Day Notice of Missing Documents). HAND DELIVERED TO DEBTOR. (Lanni, Christine) (Entered: 03/02/2005) |
| 03/02/2005 | 5 | Receipt Number 61736, Fee Amount $194.00 (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou) (Lanni, Christine) (Entered: 03/02/2005) |
| 03/02/2005 | 6 | Certificate of Pro Se Debtor Re: Preparation of Petition by Non-Legal Entity. No Assistance. Filed by Debtor Martin S. Malinou. (Sweeney, Carolyn) (Entered: 03/02/2005) |
| 03/03/2005 | | Duplicate Filer. Information regarding previous filing: Case No.: 03-13552, Filing Date: 10/10/03, Chapter: 13, Discharge Date: Dismissed, No Discharge, Closing Date: 4/28/04, Disposition: Dismissed. (Cory, Lucinda) (Entered: 03/03/2005) |
| 03/03/2005 | ✓7 | Notice of Appearance and Request for Notice by Edward G. Avila on behalf of Seattle Savings Bank Filed by Edward G. Avila on behalf of Seattle Savings Bank. (Avila, Edward) (Entered: 03/03/2005) |
| 03/04/2005 | 8 | Creditor Disk. Filed by Debtor Martin S. Malinou . (Geraghty, Amy) (Entered: 03/04/2005) |
| 03/04/2005 | 9 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Notice of Missing Documents, ) Service Date 03/04/2005. (Admin.) (Entered: 03/05/2005) |
| 03/07/2005 | 10 | AMENDED Notice of Missing Documents and Notice of Dismissal if Documents Are Not Timely Filed. (related document(s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: 3/17/2005. (Lanni, Christine) (Entered: 03/07/2005) |
| 03/07/2005 | | Judge Arthur N. Votolato added to case. (Sweeney, Carolyn) (Entered: 03/07/2005) |
| 03/07/2005 | 11 | First Meeting of Creditors 341(a) meeting to be held on 4/1/2005 at 10:00 AM at United States Trustee's Office. Confirmation hearing to be held on 4/14/2005 at 09:30 AM at 6th Floor Courtroom. Proof of Claims due by: 6/30/2005. (Sweeney, Carolyn) (Entered: 03/07/2005) |
| 03/09/2005 | 12 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Notice of Missing Documents, ) Service Date 03/09/2005. (Admin.) (Entered: 03/10/2005) |
| 03/09/2005 | 13 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Meeting of Creditors Chapter 13, ) Service Date 03/09/2005. (Admin.) (Entered: 03/10/2005) |
| 03/16/2005 | 14 | Motion to Extend Time until 3/21/2005 to file Exhibit C on page 2, all schedules, debtor's signed declaration re: schedules, summary of schedules, statement of |

| | | |
|---|---|---|
| | | financial affairs, Ch. 13 Plan Filed by Debtor Martin S. Malinou (related document (s) Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 03/16/2005) |
| 03/17/2005 | 15 | Order Granting Motion to Extend Time to: 3/21/2005 to file Exhibit C on page 2, all schedules, debtor's signed declaration re: schedules, summary of schedules, statement of financial affairs and Ch. 13 Plan. Updated Deadline Due By:3/21/2005. (Sweeney, Carolyn) (Entered: 03/17/2005) |
| 03/19/2005 | 16 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order on Motion to Extend Time, ) Service Date 03/19/2005. (Admin.) (Entered: 03/20/2005) |
| 03/21/2005 | 17✓ | Missing Documents Filed - Exhibit C on page 2, all schedules, debtor's signed declaration re: schedules, summary of schedules and statement of financial affairs. Filed by Debtor Martin S. Malinou (related document(s) Order on Motion to Extend Time). (Sweeney, Carolyn) (Entered: 03/22/2005) |
| 03/21/2005 | 18 ✓ | Chapter 13 Plan Filed by Debtor Martin S. Malinou. (Sweeney, Carolyn) (Entered: 03/22/2005) |
| 04/01/2005 | | Meeting of Creditors Held in Chapter 13 Case. (Boyajian, John) (Entered: 04/01/2005) |
| 04/04/2005 | ✓19 | Objection Filed by Creditor Seattle Savings Bank re Chapter 13 Plan filed by Debtor Martin S. Malinou). (Avila, Edward) (Entered: 04/04/2005) |
| 04/05/2005 | 20 | Terminate Document - ECF Error. **Wrong event used. Please use Objection to Confirmation of Plan located under "Plan" on the Bankrutpcy menu**. Document must be resubmitted (related document(s) Objection filed by Creditor Seattle Savings Bank). (Sweeney, Carolyn) (Entered: 04/05/2005) |
| 04/05/2005 | ✓21 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Avila, Edward) (Entered: 04/05/2005) |
| 04/07/2005 | 22 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Terminate Document - ECF Error, ) Service Date 04/07/2005. (Admin.) (Entered: 04/08/2005) |
| 04/11/2005 | 23✓ | Request for Notice Filed by Seattle Mortgage Company. (Cory, Lucinda) (Entered: 04/11/2005) |
| 04/13/2005 | 24 | Notice of Appearance and Request for Notice Filed by William Y. Chaika on behalf of Evelyn Zuckerman, Executrix of the Estate of Fred Zuckerman. (Sweeney, Carolyn) (Entered: 04/13/2005) |
| 04/13/2005 | 25 | Objection to Confirmation of Plan Filed by Creditor Evelyn Zuckerman, Executrix of the Estate of Fred Zuckerman (related document(s) Chapter 13 Plan filed by |

| | | |
|---|---|---|
| | | Debtor Martin S. Malinou). (Cory, Lucinda) (Entered: 04/13/2005) |
| 04/13/2005 | 26 | Motion to Continue Hearing Filed by Creditor Evelyn Zuckerman, Executrix of the Estate of Fred Zuckerman (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Cory, Lucinda) (Entered: 04/13/2005) |
| 04/13/2005 | 27 | Hearing Set (re: Motion to Continue/Reschedule Hearing filed by Creditor Evelyn Zuckerman, Executrix of the Estate of Fred Zuckerman). Hearing scheduled for 4/14/2005 at 09:30 AM at 6th Floor Courtroom. (Cory, Lucinda) (Entered: 04/13/2005) |
| 04/14/2005 | | Hearing Held (related document(s) Motion to Continue/Reschedule Hearing filed by Creditor Evelyn Zuckerman, Executrix of the Estate of Fred Zuckerman). APPEARANCES: Richardson, Chaika, Malinou, Avila . After hearing frm all parties, the Court denied the Motion to Continue. (Cory, Lucinda) (Entered: 04/15/2005) |
| 04/14/2005 | | Hearing Held Chapter 13 Plan filed by Debtor Martin S. Malinou. APPEARANCES: Malinou, Richardson, Avila, Chaika . After hearing from all parties regarding appraisals and feasibility, the Court denied confirmation and gave the debtor 15 days to file an amended plan. (Cory, Lucinda) (Entered: 04/15/2005) |
| 04/15/2005 | 28 | Order Denying Confirmation of Chapter 13 Plan Status Deadline re: Amended Plan, Motion to Reconsider Order Denying Plan, Notice of Conversion to Chapter 7 or Appeals Due by: 5/2/2005. (Cory, Lucinda) (Entered: 04/15/2005) |
| 04/15/2005 | 29 | Order Denying Motion To Continue/Reschedule Hearing On (Related Doc # ) (related document(s) Motion to Continue/Reschedule Hearing). (Cory, Lucinda) (Entered: 04/15/2005) |
| 04/17/2005 | 30 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order on Motion to Continue/Reschedule Hearing) Service Date 04/17/2005. (Admin.) (Entered: 04/18/2005) |
| 04/17/2005 | 31 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order Denying Confirmation of Chapter 13 Plan) Service Date 04/17/2005. (Admin.) (Entered: 04/18/2005) |
| 04/18/2005 | 32 | Two Part Motion/Application to Employ Paul Bordieri and Paul Seymour of United Appraisal Group and/or Application to compensation appraiser. Filed by Debtor Martin S. Malinou. Objections to Motion Due: 5/3/2005. (Geraghty, Amy) Modified date on 4/20/2005 (Venuti, Jody). (Entered: 04/20/2005) |
| 04/20/2005 | 33 | Document terminated - (related document(s): Two Part Motion/Application to Employ Paul Bordieri and Paul Seymour of United Appraisal Group and/or Application to compensation appraiser. Filed by Debtor Martin S. Malinou. Need affidavit of appraiser. (Geraghty, Amy) (Entered: 04/20/2005) |

| | | |
|---|---|---|
| 04/22/2005 | 34 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Terminate Document, ) Service Date 04/22/2005. (Admin.) (Entered: 04/23/2005) |
| 05/02/2005 | ✓35 | Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related document(s) Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) Modified filed date on 5/3/2005 (McCurdy, Michelle). (Entered: 05/03/2005) |
| 05/03/2005 | | Corrective Entry *Incorrect file date information. Filed date and applicable deadlines corrected.* Amended ch. 13 plan was filed on 5/2/2005. (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 05/03/2005) |
| 05/03/2005 | 36 | Hearing Set (re: Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Confirmation hearing to be held on 5/18/2005 at 09:30 AM at 6th Floor Courtroom. (Sweeney, Carolyn) (Entered: 05/03/2005) |
| 05/05/2005 | 37 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk)) Service Date 05/05/2005. (Admin.) (Entered: 05/06/2005) |
| 05/10/2005 | ✓38 | First Amended Chapter 13 Plan *OBJECTION* Filed by Creditor Seattle Savings Bank (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Declaration re: Electronic Filing, Form P.4 Due By: 5/25/2005. (Avila, Edward) (Entered: 05/10/2005) |
| 05/11/2005 | 39 | Terminate Document - ECF Error. **Wrong event. Document should be filed as an Objection to Confirmation of Plan**. Document must be resubmitted (related document(s) Amended Chapter 13 Plan filed by Creditor Seattle Savings Bank). (Sweeney, Carolyn) (Entered: 05/11/2005) |
| 05/11/2005 | ✓40 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 05/12/2005) |
| 05/13/2005 | 41 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Terminate Document - ECF Error, ) Service Date 05/13/2005. (Admin.) (Entered: 05/14/2005) |
| 05/18/2005 | | Hearing Held (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). APPEARANCES: Malinou, Avila, Chaika, Boyajian . Trustee gave reasons for his objection to confirmation. Arguments by Avila and Malinou. After hearing from all parties, Court denied confirmation. (Cory, Lucinda) (Entered: 05/19/2005) |
| 05/19/2005 | ✓42 | Order Denying Confirmation of Chapter 13 Plan Status Deadline re:Amended Plan, Motion to Reconsider Order Denying Plan, Notice of Conversion to Chapter 7 or Appeals Due by: 5/31/2005. (Cory, Lucinda) (Entered: 05/19/2005) |
| 05/21/2005 | 43 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order |

| | | |
|---|---|---|
| | | Denying Confirmation of Chapter 13 Plan) Service Date 05/21/2005. (Admin.) (Entered: 05/22/2005) |
| 05/31/2005 | √44 | Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 06/01/2005) |
| 06/01/2005 | 45 | Hearing Set (re: Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Confirmation hearing to be held on 6/23/2005 at 09:30 AM at 6th Floor Courtroom. (Sweeney, Carolyn) (Entered: 06/01/2005) |
| 06/03/2005 | 46 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk)) Service Date 06/03/2005. (Admin.) (Entered: 06/04/2005) |
| 06/14/2005 | 47 √ | Objection to Confirmation of Plan Filed by Creditor Seattle Mortgage Company (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Certificate of Service Due by:6/16/2005. (Avila, Edward) (Entered: 06/14/2005) |
| 06/24/2005 | 48 | Hearing Set (re: Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Confirmation hearing rescheduled to 7/13/2005 at 09:30 AM at 6th Floor Courtroom. (Sweeney, Carolyn) (Entered: 06/24/2005) |
| 06/26/2005 | 49 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk)) Service Date 06/26/2005. (Admin.) (Entered: 06/27/2005) |
| 07/13/2005 | √50 | Proposed Order After Hearing *on Amended Chapter 13 Plan* Filed by Trustee John Boyajian (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Status Check Due by:7/18/2005. (Boyajian, John) (Entered: 07/13/2005) |
| 07/13/2005 | | Hearing Held (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). APPEARANCES: Malinou, Boyajian, Chaika . Malinou asked for a continuance and represented that the attorney for the bank had no objection. Trustee advised unsecured creditors are not going to receive anything in this case and questioned feasibility of any plan's success. Debtor has until 7/27/05 to file an amended plan and the plan will be set for hearing on 8/17/05 at 9:30 a.m. (Cory, Lucinda) (Entered: 07/13/2005) |
| 07/15/2005 | √51 | Order Denying Confirmation of Chapter 13 Plan Status Deadline re:Amended Plan, Motion to Reconsider Order Denying Plan, Notice of Conversion to Chapter 7 or Appeals Due by: 7/27/2005. (Sweeney, Carolyn) (Entered: 07/15/2005) |
| 07/15/2005 | √52 | Judgment Order (re: Order Denying Confirmation of Chapter 13 Plan) (Sweeney, Carolyn) (Entered: 07/15/2005) |
| 07/17/2005 | 53 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Judgment Order (ap/bk)) Service Date 07/17/2005. (Admin.) (Entered: 07/18/2005) |

| | | |
|---|---|---|
| 07/17/2005 | 54 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order Denying Confirmation of Chapter 13 Plan) Service Date 07/17/2005. (Admin.) (Entered: 07/18/2005) |
| 07/18/2005 | √55 | Objection Filed by Debtor Martin S. Malinou re Proposed Order After Hearing filed by Trustee John Boyajian). (Attachments: # Proposed Order) (Lanni, Christine) (Entered: 07/18/2005) |
| 07/21/2005 | | Withdrawal of Document (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). *See Hearing Held Dated :7/13/05* (DAgostino, Holly) (Entered: 07/21/2005) |
| 07/21/2005 | 56 √ | Conditional Order re: (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). The Debtor shall file a 3rd Amended Plan by 7/27/05; Hearing will take place on 8/17/05 at 9:30 am. (DAgostino, Holly) (Entered: 07/21/2005) |
| 07/21/2005 | | Deadlines Updated re: (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Please See ORDER #56. AMENDED Chapter 13 Plan due by 7/27/2005. (DAgostino, Holly) (Entered: 07/21/2005) |
| 07/21/2005 | 57 | Hearing Continued (re Third Amended Chapter 13 Plan TO BE FILED filed by Debtor Martin S. Malinou) Confirmation hearing to be held on 8/17/2005 at 09:30 AM at 6th Floor Courtroom. (DAgostino, Holly) (Entered: 07/21/2005) |
| 07/23/2005 | 58 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk) Cont) Service Date 07/23/2005. (Admin.) (Entered: 07/24/2005) |
| 07/23/2005 | 59 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Conditional Order) Service Date 07/23/2005. (Admin.) (Entered: 07/24/2005) |
| 07/27/2005 | √ 60 | Third Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 07/28/2005) |
| 07/28/2005 | | Notice of Appearance and Request for Notice (Text Only) Filed by Cheryl Asquino on behalf of Narragansett Bay Commission. (Asquino, Cheryl) (Entered: 07/28/2005) |
| 08/05/2005 | √ 61 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) 3rd Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Spaight, Linda) (Entered: 08/08/2005) |
| 08/17/2005 | | Hearing Held (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). APPEARANCES: Malinou, Boyajian, Avila, Chaika. Malinou wants continuance as he is ill. Avila objects as the plan cannot be confirmed. Trustee advised the proposed plan is not legally or factually feasible. Court did not continue the matter and denied the confirmation. Avila wants the court to dismiss the case. |

| | | |
|---|---|---|
| | | Trustee raided the issue of due process. The secured creditor is planning to file an in rem motion for relief from stay. Court denied confirmation. (Sweeney, Carolyn) (Entered: 08/17/2005) |
| 08/17/2005 | 62 ✓ | Order Denying Confirmation of Chapter 13 Plan. Status Deadline re: Amended Plan, Motion to Reconsider Order Denying Plan, Notice of Conversion to Chapter 7 or Appeals Due by: 8/29/2005. (Sweeney, Carolyn) (Entered: 08/17/2005) |
| 08/17/2005 | 63 | Judgment Order (re: Order Denying Confirmation of Chapter 13 Plan) (Sweeney, Carolyn) (Entered: 08/17/2005) |
| 08/19/2005 | 64 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order Denying Confirmation of Chapter 13 Plan) Service Date 08/19/2005. (Admin.) (Entered: 08/20/2005) |
| 08/19/2005 | 65 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Judgment Order (ap/bk)) Service Date 08/19/2005. (Admin.) (Entered: 08/20/2005) |
| 08/29/2005 | 66 ✓ | Fourth Amended Chapter 13 Plan Filed by Debtor Martin S. Malinou (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 08/30/2005) |
| 08/30/2005 | 67 | Hearing Set (re : Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Confirmation hearing to be held on 9/29/2005 at 09:30 AM at 6th Floor Courtroom. (Sweeney, Carolyn) (Entered: 08/30/2005) |
| 09/01/2005 | 68 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk)) Service Date 09/01/2005. (Admin.) (Entered: 09/02/2005) |
| 09/16/2005 | 69 | Objection to Confirmation of Plan Filed by Creditor Seattle Savings Bank (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). (Sweeney, Carolyn) (Entered: 09/19/2005) |
| 09/16/2005 | ✓ 70 | Motion for Relief from Stay re: 334 Smith Street, Providence RI Receipt Number 62902, Fee Amount $150, Filed by Creditor Seattle Savings Bank. Objections to Motion Due: 9/29/2005. (Attachments: # Memorandum of Law # Receipt) (Sweeney, Carolyn) (Entered: 09/19/2005) |
| 09/29/2005 | 71 | Confirmation Hearing HELD AND CONTINUED re: Amended Chapter 13 Plan filed by Debtor Martin S. Malinou. APPEARANCES: Boyajian, Avila, Malinou. Trustee said the amended plan doesn't work and no payments are being made to the trustee. Malinou wants the relief from stay to be set with the confirmation. No objection has been filed to the relief from stay. All matters continued to 10/12/2005 at 09:30 AM at 6th Floor Courtroom. Joint pre-trial order due 10/11/2005. (Sweeney, Carolyn) (Entered: 09/29/2005) |
| 09/29/2005 | 72 | Hearing Set (re: Motion for Relief From Stay filed by Creditor Seattle Savings Bank). Hearing scheduled for 10/12/2005 at 09:30 AM at 6th Floor Courtroom. |

| | | |
|---|---|---|
| | | **This hearing set at the confirmation hearing held and continued on 9/29/2005. **JOINT PRE-TRIAL ORDER IS DUE 10/11/2005. (Sweeney, Carolyn) (Entered: 09/29/2005) |
| 09/29/2005 | 73 | Objection Filed by Debtor Martin S. Malinou re: Motion for Relief From Stay filed by Creditor Seattle Savings Bank). (Attachments: # Memorandum of Law) (Sweeney, Carolyn) (Entered: 09/30/2005) |
| 10/01/2005 | 74 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing, ) Service Date 10/01/2005. (Admin.) (Entered: 10/02/2005) |
| 10/01/2005 | 75 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Hearing (Bk), Hearing (Bk)) Service Date 10/01/2005. (Admin.) (Entered: 10/02/2005) |
| 10/07/2005 | 76 | Trustee's Motion to Dismiss Case Filed by Trustee John Boyajian. Objections to Motion Due: 10/20/2005. (Boyajian, John) (Entered: 10/07/2005) |
| 10/18/2005 | 77 | Proposed Order Filed by Trustee John Boyajian (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Status Check Due by:10/24/2005. (Boyajian, John) (Entered: 10/18/2005) |
| 10/19/2005 | 78 | Joint Pre-Trial Order **With Exhibits** Filed by Debtor Martin S. Malinou, Creditor Seattle Savings Bank (related document(s) Motion for Relief From Stay filed by Creditor Seattle Savings Bank). (Attachments: # JPTO Pages 51-69# JPTO pg 70-92) (FILED ON 10/12/2005) (Sweeney, Carolyn) (Entered: 10/19/2005) |
| 10/19/2005 | | Hearing Held on 10/12/2005 (related document(s) Motion for Relief From Stay filed by Creditor Seattle Savings Bank). APPEARANCES: Malinou, Boyajian, Avila. Martin Malinou stated he wants to dismiss the case. Avila has no objection as long as it is with prejudice. Trustee said debtor has the right to dismiss. Malinou said dismissal with prejudice is all right. **Proposed order has already been filed - see doc . (Sweeney, Carolyn) (Entered: 10/19/2005) |
| 10/19/2005 | [illegible] | Confirmation Hearing Held on 10/12/2005 (related document(s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). APPEARANCES: Malinou, Boyajian, Avila. For details, see hearing held on 10/12/2005, entered on docket on 10/19/2005. (Sweeney, Carolyn) (Entered: 10/19/2005) |
| 10/21/2005 | 79 | Objection Filed by Debtor Martin S. Malinou re: Proposed Order filed by Trustee John Boyajian). (Sweeney, Carolyn) (Entered: 10/26/2005) |
| 10/21/2005 | 80 | Proposed Order After Hearing Filed by Debtor Martin S. Malinou (related document (s) Amended Chapter 13 Plan filed by Debtor Martin S. Malinou). Status Check Due by:10/26/2005. (Sweeney, Carolyn) (Entered: 10/26/2005) |
| 10/28/2005 | 81 ✓ | Order Dismissing Case With Prejudice. Appeals/Motion for Reconsideration Due by: 11/7/2005. (Sweeney, Carolyn) (Entered: 10/28/2005) |
| | | |

| | | |
|---|---|---|
| 10/28/2005 | 82 ✓ | Judgment Order (re: Order Dismissing Case With Prejudice) (Sweeney, Carolyn) (Entered: 10/28/2005) |
| 10/28/2005 | 83 ✓ | Order Mooting Trustee's Motion To Dismiss Case (Related Doc # ) . (Sweeney, Carolyn) (Entered: 10/28/2005) |
| 10/30/2005 | 84 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Judgment Order (ap/bk)) Service Date 10/30/2005. (Admin.) (Entered: 10/31/2005) |
| 10/30/2005 | 85 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order Dismissing Case) Service Date 10/30/2005. (Admin.) (Entered: 10/31/2005) |
| 10/30/2005 | 86 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order on Trustee's Motion to Dismiss Case) Service Date 10/30/2005. (Admin.) (Entered: 10/31/2005) |
| 01/16/2006 | 87 | Chapter 13 Trustee Final Report and Account Filed by Trustee John Boyajian. (Boyajian, John) (Entered: 01/16/2006) |
| 01/17/2006 | 88 ✓ | Order Discharging Chapter 13 Trustee & Closing Case (Sweeney, Carolyn) (Entered: 01/17/2006) |
| 01/19/2006 | 89 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) Order Discharging Chapter 13 Trustee & Closing Case) Service Date 01/19/2006. (Admin.) (Entered: 01/20/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| [illegible] | | | |
| PACER Login: | [illegible] | Client Code: | |
| Description: | [illegible] | Search Criteria: | [illegible] |
| Billable Pages: | | Cost: | [illegible] |

EXHIBIT 7

UNITED STATES BANKRUPTCY COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re<br>MARTIN S MALINOU,<br>Debtor. | BK No. 1:05-bk-10618<br>Chapter 13<br>O R D E R |

This Chapter 13 case came on to be heard on the 12th day of October, 2005, on confirmation of the debtor's plan and on motion of Seattle Savings Bank for relief from the automatic stay, and on oral motion by the debtor to voluntarily dismiss this chapter 13 case, and on the consideration by the Court and with agreement by the Trustee and Seattle Savings Bank, it is ORDERED that

The debtor's chapter 13 case is dismissed with prejudice.

Arthur N. Votolato
Bankruptcy Judge
Entered on docket: 10/28/2005

Presented by:
Martin S Malinou, debtor
334 Smith Street
Providence, RI 02908
(401) 331-6554

RECEIVED
2005

Certificate of Service

I certify that on October 21, 2005, I mailed a copy of the within proposed Order to John Boyajian, Esq., chapter 13 Trustee, at his usual office address, 182 Waterman Street, Providence, RI 02906; and to Edward Avila, Esq., attorney for Seattle Savings Bank, at his usual office address, 10 Weybosset Street, Providence, RI 02903; and to William Chaika, Esq., attorney for Evelyn Zuckerman, Executrix, at his usual office address, 30 Rolfe Street, Cranston, RI 02910; and to Seattle Mortgage Company, c/o McCalla, Raymer, et al., Bkcy Dept., 1544 Old Alabama Road, Roswell, GA 30076, regular mail, postage prepaid.

Martin Malinou