EXHIBIT 8

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**MARTIN MALINOU, Individually and as Executor of the Estate of Etta E. Malinou,**
**Plaintiff,**

**vs.**

**C.A. No. 06-0193**

**SEATTLE SAVINGS BANK,**
**Defendant**

## JUDGMENT

This civil action was tried without a jury before Associate Justice Judith Colenback Savage. After consideration of the testimony, exhibits and stipulations of the parties, and the Court having rendered findings of fact and conclusions of law in a decision announced in open court on March 27, 2006, (attached hereto) it is hereby

Savage J.
4.5.06

**ORDERED, ADJUDGED AND DECREED:**

1. Plaintiff's Motion to File an Amended Complaint is granted.

2. Count I of Plaintiff's Amended Complaint is denied and dismissed with prejudice and judgment shall enter in favor of Defendant.

3. Count II of Plaintiff's Amended Complaint is denied and dismissed with prejudice and judgment shall enter in favor of Defendant.

4. Count III of Plaintiff's Amended Complaint is denied and dismissed without prejudice and judgment shall enter for Defendant.

5. Count IV of Plaintiff's Complaint, insofar as it seeks declaratory relief to declare the assignment of mortgage null and void for lack of consideration or as violative of the automatic stay provisions of federal bankruptcy law, is denied and dismissed with prejudice and judgment shall enter for Defendant. The remainder of Count IV of Plaintiff's Amended Complaint is denied and dismissed without prejudice and judgment shall enter for Defendant.

6. The temporary restraining order entered on January 10, 2006 is hereby vacated.

7. Plaintiff's request for a stay of judgment pending appeal is denied without prejudice.

ENTERED as the Judgment of the Court this 5th day of April, 2006.

ENTER:

Clerk

BY ORDER:

Savage, J.
Judith Colenback Savage, Judge
4-5-06

Martin Malinou
Attorney for Plaintiff
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000

Robert P. Landau #3001
Edward G. Avila #3691
Attorney for Defendant
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000

RPL/kg
290730
3879-2

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

MARTIN MALINOU, INDIVIDUALLY :
And EXECUTOR OF THE ESTATE :
OF ETTA E. MALINOU :
:
:
VS. : PC/2006-0193
:
:
SEATTLE SAVINGS BANK :

Transcript of **DECISIONS** regarding Counts 1-4 in the above-entitled matter rendered by **MS. JUSTICE JUDITH C. SAVAGE** in the Providence County Superior Court on **Monday, March 27, 2006 (A.M. Session)**.

**APPEARANCES:**

MARTIN MALINOU, ESQUIRE.......FOR THE PLAINTIFFS (Pro Se)

EDWARD G. AVILA, ESQUIRE......FOR THE DEFENDANT

CERTIFICATE

I, LISA L. KELLY, do hereby certify that the succeeding pages, Pages 1-11, inclusive are a true, accurate and complete transcript of my stenographic notes taken before **Ms. Justice Judith C. Savage** in the Providence County Superior Court in the matter of **Martin Malinou, Individually and Executor Of the Estate of Etta E. Malinou, PC #2006-0193.**

Said transcript contains the **Decisions** on **Counts 1-4** in the above-entitled matter on **Monday, March** 27, 2006 **(A.M. Session).**

LISA L. KELLY,
Certified Court Reporter

MONDAY, MARCH 27, 2006

(A.M. SESSION)

THE COURT: Good morning, everyone. Call the Malinou case first.

THE CLERK: The matter before this Court is Providence County Civil Action 06-193, Martin Malinou vs. The Seattle Savings Bank. Will the attorneys please identify themselves for the record.

MR. MALINOU: Martin Malinou for the plaintiffs.

MR. AVILA: Edward Avila on behalf of Seattle Savings.

THE COURT: I take it by your presence here this morning that the parties have been unable to resolve their differences.

MR. MALINOU: That is not quite accurate, your Honor. I think we do have a settlement at hand, but the issue now is who is doing the settlement. HUD has had conversations with people at Seattle in that regard and I am waiting to hear back as to start of the appraisal process.

MR. AVILA: Your Honor, I agree with Mr. Malinou that we are starting the process, but we have not reached settlement. We need an appraisal. He has made an offer to purchase if the appraisal comes in at a certain number. If it does not, then we are back here. So, I

would have rather have the decision made and in the meantime, we will work.

THE COURT: Let me proceed to decision. This decision follows a protracted bench trial in this proceeding on which the Court is in receipt of not only testimony, stipulated facts and stipulated exhibits, but additional exhibits as well. This Court will allow the plaintiff, Martin Malinou, both individually and on behalf of the estate of Etta Malinou, to amend its complaint; albeit quite belatedly, that motion to amend occurring midstream during the course of the trial. As the amendment in the Court's view poses no prejudice to the defendant, Seattle Savings Bank and all of the defendant's arguments with respect to the proposed Amended Complaint can be addressed and in fact, were argued as if the complaint were amended and can be addressed by the Court in the context of this decision without prejudice to the defendant in making those arguments through the amendment process.

In Count one of plaintiff's complaint, as amended, plaintiff seeks to enjoin the defendant from conducting a mortgagees foreclosure sale of certain property located at 334 Smith Street in Providence, Rhode Island. Plaintiff contends that defendant, Seattle Savings Bank is the purported holder of a note loan agreement and

mortgage dated November 15, 1991 and executed by the late Etta Malinou to the benefit of Rhode Island Housing and Mortgage Finance Corporation as an assignee of RIHMFC dated October 31, 2002. Yet, plaintiff argues that such an assignment is invalid because it was not supported by valuable and adequate consideration. Alternatively, plaintiff argues that such assignment was invalid as it was executed in violation of the automatic stay in effect as of October 31, 2002 as a result of Etta Malinou's Chapter 13 bankruptcy proceeding that was later terminated in early 2003 as a result of her death.

Based on the parties stipulations, the joint exhibits and the evidence presented at trial, this Court finds that plaintiff has failed to sustain its burden of proof as to either of these claims. Plaintiff has failed to prove by a preponderance of the evidence that the assignment was made with a failure or a lack of or inadequate consideration. The assignment document itself recites consideration on its face and according to the testimony and evidence was part of a bulk sale of loans and mortgages from Rhode Island Housing and Mortgage Finance Corporation to Seattle Savings Bank, for which there was consideration ultimately in the time period of May and June of 2003. There is no requirement that consideration for each loan in the package was itemized.

While plaintiff attempts to suggest that this loan would not have been accepted under the purchase and sale agreement because it did not meet the loan to value ratios, there is no evidence that it was rejected on this basis or not among the three hundred fifty-nine mortgages transferred. Indeed, the evidence suggests the opposite. That both the loan and servicing rights were transferred as part of the assignment and purchase and sale process.

With respect to the plaintiffs' claims that the assignment occurred in violation of the automatic stay in bankruptcy, the Court notes that although the assignment was dated in October of 2002, according to the testimony, it was not delivered to defendant, Seattle Savings Bank, until June 2003 and was ultimately recorded after the termination of the bankruptcy proceeding. Indeed, according to the evidence, Seattle Savings Bank did not pay for the sale and transfer until April to May of 2003. Accordingly, plaintiff has failed to prove again by the preponderance of the evidence that the defendant violated the automatic stay. Count one of plaintiffs' complaint therefore fails.

The portion of Count four seeking similar relief in the form of a declaratory judgment action is also denied.

In Count two, plaintiff claims a violation of Rhode Island General Laws Section 42-55-5 (19). Plaintiff

argues that the contract between RIHMFC and Seattle Savings Bank, dated April 30, 2003 by which Seattle contracted to service the Malinou mortgage, along with numerous other reverse mortgages originated by RIHMFC violates the statute because RIHMFC is not allowed by law to select servicing institutions outside the State of Rhode Island. On that basis again, plaintiff seeks to enjoin the mortgagees foreclosure sale. This Court denies plaintiff relief on this count because first it appears that plaintiff would lack standing to raise this argument. It is an argument to be raised, if at all, by the parties to the assignment and frankly, the lack of evidence or participation by both parties to the assignment in the case ultimately effects the merits of this argument and the ability of the plaintiffs to prove it as well. There also is no private right of action granted to plaintiff under the statute and most importantly, plaintiff has failed, even assuming that a private right of action exists and assuming that it has standing to convince this Court that the statute was violated in any case as the statute clearly allows proceedings such as the foreclosure underlying this litigation to be addressed and pursued by parties without limitations to their geographical location.

In both Counts three and four, plaintiffs so-called

hypothetical claims, this Court will address those as if they were requests really for alternative relief. It is not so much that they are hypothetical, but that they depend on an adverse ruling in favor of the defendant, as opposed to the plaintiff with respect to Counts one and two. In Counts three and four, plaintiffs seeks to enjoin the sale. Count three seeks declaratory relief. Count four arguing that defendant is obligated to accept ninety-five percent of the appraised single family residence value of the property in full satisfaction of its claims, even if the balance of the note is greater. It also contends that because RIHMFC valued the property at $90,000.00 in 2002, the defendant, as an assignee, is bound by that value and must accept ninety-five percent of that value or approximately $85,500.00.

This Court will dismiss these claims as premature at this juncture without prejudice to plaintiff renewing them if, in fact, it intends to offer ninety-five percent of the appraised value of the property. There is no evidence on the face of the pleadings or in plaintiffs' memoranda or argument, that plaintiff is prepared either to offer the ninety-five percent of value that it articulate in its Amended Complaint and there is likewise no evidence that an appraised value of any sort is an offer that the plaintiff is prepared to make. In

essence, there really is no ripe case or controversy before this Court as to those legal claims that would justify injunctive or declaratory relief on the state of this record.

For all of these reasons, this Court denies and dismisses with prejudice Counts one and two, as well as the portion of Count four that re-iterates the claims contained in Count one regarding failure of consideration.

The Court will deny and dismiss Counts three and four without prejudice. If I could have a form of order and judgment memorializing this decision within the next week, I would appreciate it and if counsel could agree to a form of order and judgment prior to its presentation, that would be helpful.

Any other questions?

MR. AVILA: Thank you, your Honor.

THE COURT: I will remain available should the parties need additional assistance in attempting to still resolve their differences.

MR. MALINOU: The Amended Complaint was filed, your Honor, correctly.

THE COURT: That is the complaint that I have addressed. I accepted the Amended Complaint. Oh, you mean was it physically filed?

MR. MALINOU: No, it was attached to the motion.

THE COURT: I have a copy of it. I am assuming you filed an original.

MR. MALINOU: I didn't file anything additional. I would like to.

THE COURT: It is okay to do so. Why don't you make sure that this copy that was submitted to me is the Amended Complaint you wish to file and all I would ask is that it contain original signatures so -- okay? You didn't file an original.

MR. MALINOU: Not after this. I can put another one in the file now.

THE COURT: I think you should. You need to for purposes of the record.

MR. MALINOU: Okay.

THE COURT: I treated it as it was filed, but it needs to be filed.

MR. MALINOU: I will file another copy immediately in the Clerk's office.

THE COURT: Okay. Great. If you want to bring that directly to us -- we will retain the file for purposes of entering the judgment and order as well. So, why don't you file your original directly with --

MR. MALINOU: With the clerk?

THE COURT: Yes. I will take my copy back.

MR. MALINOU: Is there an amended answer needed too or does he stand on the original answer?

THE COURT: Do you wish to file an amended answer?

MR. AVILA: I do not believe so. Your Honor, I think you stated that we -- the Amended Complaints were filed without prejudice, so -- but at this point, I don't believe we will.

THE COURT: Okay. All right.

MR. MALINOU: Thank you.

THE COURT: Thank you both.

MR. MALINOU: May I ask -- could I ask that the decision be stayed as to a denial of the injunction for thirty days?

MR. AVILA: I object, your Honor.

THE COURT: What is the purpose of your request for a stay?

MR. MALINOU: In the event an appeal would be taken, I don't contemplate it at this moment, as a matter of housekeeping, but --

MR. AVILA: Your Honor -- may I, your Honor? May I?

THE COURT: Let the order and judgment enter. If there is then -- there is really nothing to stay unless the sale proceeds, correct? This is a denial of the injunctive relief.

MR. AVILA: And, your Honor we had canceled the sale

because of the time line. For us to start the process, I have to send out another thirty day notice before and ad would even run. So, if we were -- I am not saying we are -- if we are to start the process while we are negotiating, still thirty days out for an ad, your Honor.

THE COURT: So, I think your request for a stay is premature as well. If, at any time prior to filing an appeal or pending appeal, you wish additional injunctive relief, you are certainly not prevented from coming back to request that, but I am not inclined to give it at this moment. Okay? Also, I think the order and judgment should make clear that the prior issue of injunctive relief, the TRO that has remained in effect, as issued by Judge Fortunato, is vacated and in light of this decision has no further effect.

MR. MALINOU: Since Counts three and four have been dismissed without prejudice, the claims stated therein could be renewed in another action if necessary?

THE COURT: Not in the same form which they have been plead to date. They would have to be ripe for this Court's consideration. There would have to be evidence presented that an offer is being made that requires the Court to address the legal issues connected with it. So, they can't simply be refiled in the same form that they have been filed. Okay? Any other questions?

MR. AVILA: Thank you.

THE COURT: Thank you.

(END OF ABOVE-ENTITLED MATTER HEARD ON SAID DATE)

EXHIBIT 9

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC. SUPERIOR COURT

MARTIN MALINOU :
:
V. : PC06-6376
:
SEATTLE SAVINGS BANK :

**HEARING before**
**Mr. Associate Justice Stephen J. Fortunato,**
**On December 8, 2006**

**APPEARANCES:**

FOR THE PLAINTIFF: Martin Malinou, Esquire

FOR THE DEFENDANT: Benjamin Scungio, Esq.
Lauren F. Verni, Atty.

**KATHLEEN A. COSTELLO, RPR**
**COURT REPORTER - SUPERIOR COURT**

# CERTIFICATION

I, Kathleen A. Costello, hereby certify that the succeeding pages, 1 through 8, are a true and accurate transcript of my stenographic notes.

Kathleen A. Costello, RPR
Court Reporter
Date: December 11, 2006

THE COURT: Good afternoon, ladies and gentlemen.

MR. SCUNGIO: Good afternoon, Your Honor.

MS. VERNI: Good afternoon, Your Honor.

MR. MALINOU: Good afternoon, Your Honor.

THE CLERK: Your Honor, this is the matter of Martin Malinou versus Seattle Savings Bank, PC06-6376. Your names for the record.

MR. MALINOU: Martin Malinou for the plaintiff.

MR. SCUNGIO: Ben Scungio and Lauren Verni for the defendant, Your Honor.

THE COURT: You're going to have to speak up louder, please.

MR. SCUNGIO: Your Honor, Lauren Verni for the defendant, Your Honor.

THE COURT: All right. I have received from Mr. Malinou notice, an application for a restraining order relative to some property that was the subject of a foreclosure sale scheduled, if I understand the papers correctly, on December 12th?

MR. SCUNGIO: Yes, Your Honor.

THE COURT: And so you're here today on behalf of Seattle Savings Bank?

MR. SCUNGIO: Yes, Your Honor.

THE COURT: All right. According to the

defendant's pleadings, which were put together, I assume on short notice, but I'm familiar with this case somewhat because it was in front of me in the exact same posture a year or two ago. Sale was threatened. Mr. Malinou came to Court at the last minute, and then apparently, according to the pleadings filed by the defendant, Judge Savage had the matter in front of her for a hearing to try to resolve the contending positions. What, in sum and substance, Mr. Scungio was the decision of Judge Savage?

MR. SCUNGIO: I've included it as one of the exhibits, Your Honor. Some of the counts were denied and dismissed with prejudice. Some of the counts were simply denied without prejudice. Mr. Malinou was here on one of the counts that was denied without prejudice.

THE COURT: And what was denied without prejudice? He's claiming that he has a right of redemption to redeem the mortgage at 95 percent of its fair market value. That in essence is his claim. And has that been tendered to you or any of your client's officers or agents or employees?

MR. SCUNGIO: No, it has not, Your Honor.

THE COURT: All right. Mr. Malinou?

MR. MALINOU: If I could, I understand the last question and the answer.

THE COURT: He, Mr. Scungio, indicated that you are perhaps in a position to assert a claim that you can redeem the property for 95 percent of its market value. My question to him was whether you had ever tendered that amount. And his response was no, you hadn't.

MR. MALINOU: I have made an offer going back several months to pay this off at 95 percent of its appraised value as a single family residence as determined by the United States Department of Housing and Urban Development. And there is correspondence attached to the complaint embodying that offer.

THE COURT: All right. And what is the position of the Seattle Bank in terms of arrearage or non-payment of any obligations Mr. Malinou and/or the estate have relative to the mortgage?

MR. SCUNGIO: Multipart, Your Honor. First of all, for Your Honor's benefit, there is a reversed mortgage. The reverse mortgage becomes due upon deaths.

This matter started actually in 2000 with the failure of Mrs. Malinou to pay three years of real estate taxes. Based upon that, Rhode Island Housing at that time tried to accumulate the loan. The response to that was a Chapter 13 filed by Mrs. Malinou that after several years was dismissed for non-payment at a Chapter 13 plan.

Subsequent, just subsequent to the Judge in

that court entering an order of dismissal, Mrs. Malinou also died. 30 days leave was given to the defendant, plaintiff at the time to try to make peace with the creditor, and it did not work out.

Seattle Mortgage at that point had obtained the mortgage, purchased the mortgage, and commenced the foreclosure action. Mr. Malinou then filed a Chapter 13. He was represented by Attorney Raskin and that was, that was bankruptcy number one, Your Honor. That got dismissed as a result of failure to stay workable 13 plan. There were approximately three or four iterations of that plan, and the Court decided that none would work.

Subsequent to that, Seattle again was ready to start a foreclosure, and then Mr. Malinou, pro se, filed another bankruptcy in '05. That was also dismissed by the Court after I believe five attempts to come up with the workable plan.

I've included a copy of the Bankruptcy Court dockets of those. That case was dismissed with prejudice ultimately. Subsequent to that, Seattle then made a demand for payment and started a foreclosure.

THE COURT: All right. And I have in the file an October 17th correspondence, October 17th of this year captained notice of foreclosure sale sent by you, Mr. Scungio, to Mr. Malinou, in fact, to Mr. Malinou, to

Sherri Spillane, to Sheldon Malinou and, of course, to the estate, which has the same address as Mr. Malinou. And you gave notice in that October 17th, 2006, letter that you were scheduling an auction of the premises on December 12th, 2006, at 11 am.

It is now December 8th. Plaintiff had close to two months notice and here we are at the very last minute, which has been a pattern followed by the plaintiff to halt these sales.

I frankly can't recall whether the matter was before me a year ago or two years ago, but in any event, Mr. Scungio has refreshed my recollection about the ancillary actions in the bankruptcy court, which I may well have said at the time this matter was last before me, seem to be somewhat dilatory. But in any event, Mr. Malinou did prevail upon the Court at that time.

It should, if there's merits to Mr. Malinou's position or if he is indeed asserting in good faith that he can rescue the property by an agreed upon payment with Seattle, that the time to have done that has come and gone.

It seems to me that there's no choice but to deny the applications for the restraining order. The sale can go forward.

MR. MALINOU: Your Honor, this claim was heard

by Judge Savage and it was not yet ripe for review. The bank has refused to follow the procedures to have HUD --

THE COURT: Why are you here on December 8th when you had notice that there was a problem on October 17th relative to a forthcoming sale and why did you not go back in front of Judge Savage and say in so many words the Seattle Bank is either flouting an order of hers or doing something to undermine the jurisdiction of the Superior Court? Why wait to come onto this calendar two months later?

MR. MALINOU: It took time to arrange to be able to pay this off.

THE COURT: I don't see how that can be so if a year or two ago when you were in front of me and apparently prevailed at least enough to defer things to this time.

You've had more than a year, more than two years, three years to get situations lined up to pay this thing off and that's not been done. And now we're at the 11th hour, indeed a minute before midnight.

If we look at this in some proportionate state, I'm constrained to deny the applications for the restraining orders. The sale can go forward on the 12th.

MR. SCUNGIO: Thank you, Your Honor.

MR. MALINOU: I have a motion for a preliminary

injunction.

THE COURT: I'm afraid the sale will take place. There's enough information before this Court for me to conclude that whatever rights or remedies the plaintiff had, the plaintiff has slept on them. And there's simply not going to be any need for a preliminary injunction.

The matter has been thoroughly explored by this Judge and apparently by Judge Savage. There's been ample opportunity to negotiate, work out with the Seattle Bank. And indeed, if the Seattle Bank is doing something untoward that could have been singled to Judge Savage or some other Judge well in advance of today's date.

If it turns out at some later time that the Seattle Bank has moved precipitously and unlawfully, well, then, at that point you can fight over the money. But the house is going to be sold. Thank you.

MR. SCUNGIO: Thank you, Your Honor.

THE COURT: Mr. Bedford, did you have a matter?

MR. MALINOU: Please note my objection to the --

THE COURT: Your objection will be recorded on the record.

MR. MALINOU: Am I, with the case pending am I free to take a deposition?

THE COURT: I see no useful purpose at this time to take a deposition. And at Friday at 2:45 with a sale scheduled for what, next Monday or Tuesday?

MR. SCUNGIO: Next Tuesday, Your Honor.

THE COURT: If counsel and you can work it out, but I don't see that there's considerable discretion in the Court as to what discovery to allow in any set of circumstances. Who do you wish to depose at this time?

MR. MALINOU: The real party in interest here is Fannie May.

THE COURT: Well, Fannie Mae, if it's a party in interest should be on the caption to the case and should have notice of today's proceedings. That apparently did not happen.

MR. MALINOU: Fannie Mae referred all the questions to Mr. Scungio.

THE COURT: Well, who do you wish to depose?

MR. MALINOU: A man named Michael Sanchetti.

THE COURT: All right. I think it's too late in the day for that. Maybe in some damage action you could depose him, but I see no useful purpose in deposing him between now and Tuesday. Okay. Thank you.

(Whereupon the hearing was concluded.)

**PlnDue, DUPFILER, Pro_Se, NTCAPR, Filed as ProSe**

# United States Bankruptcy Court
# District of Rhode Island (Providence)
# Bankruptcy Petition #: 1:06-bk-11456

*Assigned to:*
Chapter 13
Voluntary
Asset

*Date Filed:* 12/11/2006

***Debtor***
**Martin S. Malinou**
334 Smith Street
Providence, RI 02908
331-6554
SSN: xxx-xx-3140

represented by **Martin S. Malinou**
PRO SE

***U.S. Trustee***
**Leonard DePasquale**
US Trustee's Office
Room 910
10 Dorrance Street
Providence, RI 02903
(401) 528-5551

| Filing Date | # | Docket Text |
|---|---|---|
| 12/11/2006 | 1 | Chapter 13 Voluntary Petition. Receipt Number 64621, Fee Amount $274 Filed by Martin S. Malinou . (Ohara, Anne) (Entered: 12/11/2006) |
| 12/11/2006 | 2 | 2 Day Notice of Missing Documents and Certificate of Service. (related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). Missing Items: creditor matrix and Exhibit D, or credit counseling certificate, motion for exemption from credit counseling or certificate of exigent circumstances. Missing Documents Due By: 12/13/2006. (Ohara, Anne) Modified on 12/11/2006 (Ohara, Anne). (Entered: 12/11/2006) |

| | | |
|---|---|---|
| 12/11/2006 | 3 | Notice of Missing Documents and Notice of Dismissal if Documents Are Not Timely Filed. (related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou). To view the specific items listed in the Missing Documents Notice, click on the document number for this entry. Missing Documents Due By: 12/26/2006. (Ohara, Anne) (Entered: 12/11/2006) |
| 12/11/2006 | 4 | Receipt Number 64621, Fee Amount $274 (related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Martin S. Malinou) (Ohara, Anne) (Entered: 12/11/2006) |
| 12/11/2006 | | Duplicate Filer. Information regarding previous filing: Case No.: 05-10618, Filing Date: 3/2/05, Chapter: 13, Discharge Date: none, Closing Date: 1/17/06, Disposition: 5. (OHara, Anne) (Entered: 12/11/2006) |
| 12/11/2006 | | Duplicate Filer. Information regarding previous filing: Case No.: 03-13552, Filing Date: 10-10-03, Chapter: 13, Discharge Date: none, Closing Date: 4/28/04, Disposition: 5. (OHara, Anne) (Entered: 12/11/2006) |
| 12/11/2006 | 5 | Notice of Appearance and Request for Notice Filed by Peter J. Furness on behalf of Seattle Savings Bank. (Furness, Peter) (Entered: 12/11/2006) |
| 12/11/2006 | 6 | Motion for Relief from Stay re:real estate Fee Amount $150, Filed by Creditor Seattle Savings Bank. Objections to Motion Due: 12/26/2006. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2 (e)(3).(Furness, Peter) (Entered: 12/11/2006) |
| 12/11/2006 | 7 | Motion to Expedite Hearing Filed by Creditor Seattle Savings Bank (related document(s)6 Motion for Relief From Stay, filed by Creditor Seattle Savings Bank). Objections to Motion Due: 12/18/2006. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3).(Furness, Peter) (Entered: 12/11/2006) |

| | | |
|---|---|---|
| 12/11/2006 | 8 | Hearing Set (re: 7 Motion to Expedite Hearing, filed by Creditor Seattle Savings Bank, 6 Motion for Relief From Stay, filed by Creditor Seattle Savings Bank). Hearing scheduled for 12/13/2006 at 10:00 AM at 6th Floor Courtroom. Parties notified via telephone. (Lanni, Christine) (Entered: 12/11/2006) |
| 12/12/2006 | 9 | Order allowing creditor Seattle Savings Bank to continue advertising its foreclosure sale re: document #6 Motion Relief From Stay. (Lanni, Christine) (Entered: 12/12/2006) |
| 12/12/2006 | 10 | Certificate of Credit Counseling Filed by Debtor Martin S. Malinou . (Lanni, Christine) (Entered: 12/12/2006) |
| 12/12/2006 | | Deadlines Updated re: Creditor Matrix (related document(s) 2 2 Day Notice of Missing Documents, ). Missing Documents Due By: 12/13/2006. Certificate of Credit Counseling filed - see doc #10. (Lanni, Christine) (Entered: 12/12/2006) |
| 12/12/2006 | 11 | Receipt of filing fee for Motion for Relief From Stay(1:06-bk-11456) [motion,mrlfsty] ( 150.00). Receipt number 528931, amount $ 150.00. (U.S. Treasury) (Entered: 12/12/2006) |
| 12/12/2006 | 12 | Objection Filed by Debtor Martin S. Malinou re 7 Motion to Expedite Hearing filed by Creditor Seattle Savings Bank. (Cory, Lucinda) (Entered: 12/12/2006) |
| 12/12/2006 | 13 | Certificate of Credit Counseling Filed by Debtor Martin S. Malinou . (Cory, Lucinda) (Entered: 12/12/2006) |
| 12/13/2006 | | Creditor Disk. Filed by Debtor Martin S. Malinou . (Lanni, Christine) (Entered: 12/13/2006) |
| 12/13/2006 | | Hearing Held re 7 Motion to Expedite Hearing filed by Creditor Seattle Savings Bank, 6 Motion for Relief From Stay filed by Creditor Seattle Savings Bank). APPEARANCES: Malinou, Boyajian, Furness . After hearing arguments on the Motion to Expedite, the Court granted the Motion. A hearing was held on the Relief from Stay Motion. Parties argued relief from stay. Exhibits A-F |

| | | |
|---|---|---|
| | | filed. Bench decision granting motion for relief from stay. Attorney Furness to submit an order. Order Due by: 12/26/2006. (Cory, Lucinda) (Entered: 12/13/2006) |
| 12/13/2006 | 14 | Order Granting 7 Motion Expedite Hearing . (Cory, Lucinda) (Entered: 12/13/2006) |
| 12/13/2006 | 15 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) 3 Notice of Missing Documents, ) Service Date 12/13/2006. (Admin.) (Entered: 12/14/2006) |
| 12/13/2006 | 16 | BNC Certificate of Mailing - PDF Document. (RE:related documents(s) 8 Hearing, ) Service Date 12/13/2006. (Admin.) (Entered: 12/14/2006) |

EXHIBIT H

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | ) | |
| MARTIN S. MALINOU | ) | Case No: 06-11456 |
| Debtor. | ) | Chapter 13 |
| | ) | |

**MOTION FOR EMERGENCY HEARING ON SEATTLE SAVINGS BANK'S EMERGENCY MOTION FOR RELIEF FROM STAY TO FORECLOSE**

NOW COMES the Seattle Savings Bank ("Seattle") and hereby moves this Court, pursuant to Local Bankruptcy Rule 9013-2(e) to conduct an emergency hearing on the Debtor's Motion For Relief From Stay to Foreclose filed contemporaneously herewith.

In support hereof Seattle states the following:

1. The Debtor has filed a bankruptcy proceeding for the express purpose of utilizing the Stay provisions of the Bankruptcy Code to stop a foreclosure sale that is scheduled for Tuesday, December 12, 2006, at 11:00 a.m.

2. The bankruptcy filing follows the Debtor's two (2) previous bankruptcy filings and one (1) previous bankruptcy filing by Debtor's mother, in an attempt to obtain a Temporary Restraining Order, which matter was heard of Friday, December 8, 2006, and denied by Judge Fortunato.

3. Seattle commenced its foreclosure action for September 28, 2000.

4. Seattle has successfully fought through three (3) bankruptcy proceedings and a Superior Court proceeding in order to foreclose on the property which is dramatically under-secured with a present pay-off of approximately Three Hundred Thousand Dollars ($300,000.00) and Debtor's present bankruptcy filing is an act of bad faith which was performed specifically for the purpose of staying the foreclosure and further avoiding the inevitable occurring.

WHEREFORE, Seattle Savings Bank respectfully requests that this Court immediately set the Debtor's Motion for Emergency Hearing on Debtor's Relief from Stay and that the foreclosure be scheduled for Tuesday, December 12, 2006 at 11:00 a.m. In the alternative, to permit Seattle to continue the foreclosure sale for two (2) weeks while the Court schedules a hearing in order to hear Seattle's Emergency Motion for Relief.

SEATTLE SAVINGS BANK

By their attorneys,

DATE: December 11, 2006

/s/ Peter J. Furness

Peter J. Furness (#3608)
Benjamin M. Scungio (#2902)
Lauren F. Verni (#6831)
BRENNAN, RECUPERO, CASCIONE
SCUNGIO & McALLISTER, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 Phone
(401) 453-2345 Fax

**NOTICE**

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof) of the foregoing paper, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party in interest who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, Sixth Floor, Providence, RI 02903 (401) 528-4477. If no such objection is filed within the time allowed herein, the paper will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Motion for Relief from Stay was sent via facsimile and hand-delivered to the following this the 11th day of December, 2006.

**Electronic Mail Notice List** - Parties in the case only

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

**Manual Notice List** - Parties in the case only

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Martin S. Malinou

334 Smith Street, Providence

RI -02908

Leonard DePasquale, U.S. Trustee

US Trustee's Office, Room 910

10 Dorrance Street

Providence, RI 02903

/s/ Peter J. Furness

## File a Motion:

1:06-bk-11456 Martin S. Malinou

| | | |
|---|---|---|
| Type: bk | Chapter: 13 v | Office: 1 (Providence) |
| Assets: y | Case Flag: PlnDue, NOASSIGN, DUPFILER, Pro_Se, NTCAPR | |

**United States Bankruptcy Court**

**District of Rhode Island**

Notice of Electronic Filing

The following transaction was received from Furness, Peter J. entered on 12/11/2006 at 3:08 PM EST and filed on 12/11/2006

**Case Name:** Martin S. Malinou
**Case Number:** 1:06-bk-11456
**Document Number:** 7

**Docket Text:**
Motion to Expedite Hearing Filed by Creditor Seattle Savings Bank (related document(s)[6] Motion for Relief From Stay, filed by Creditor Seattle Savings Bank). Objections to Motion Due: 12/18/2006. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3).(Furness, Peter)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**P:\Active Clients\BMS files\FORECLOSURES\SEATTLE MORTGAGE\Malinou 06-0818 \Motion for Emergency Hearing on Seattle Savings Bank's Emergency Motion for Relief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1019154485 [Date=12/11/2006] [FileNumber=1151077-0] [53a9c594f5924f9c3c6c784fda4fc632274d93964dbeefe92168a4e089e15843c6 713860679cf03e7c53d1c4750ae1937aedc602c422428ce3939b955ce7fb03]]

**1:06-bk-11456 Notice will be electronically mailed to:**

Leonard DePasquale ustpregion01.pr.ecf@usdoj.gov

Peter J. Furness pjf@brcsm.com, kmccarthy@brcsm.com

**1:06-bk-11456 Notice will not be electronically mailed to:**

Martin S. Malinou
334 Smith Street
Providence, RI 02908

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re:<br>MARTIN S. MALINOU<br><br>Debtor. | Case No: 06-11456<br>Chapter 13 |

**EMERGENCY MOTION FOR RELIEF FROM STAY**

NOW COMES the Defendant, Seattle Savings Bank ("Defendant") and hereby move for the Emergency Motion for Relief From Stay to permit Seattle Savings Bank to conduct a foreclosure of Debtor's property.

In support hereof Seattle Savings Bank ("Seattle") states the following:

1. Etta E. Malinou executed a Home Equity Conversion Adjustable Rate Note on November 15, 1991 to the benefit of Rhode Island Housing and Mortgage Finance Corporation ("RIHMFC"). The Note is further evidenced by a Home Equity Conversion Loan Agreement between Etta E. Malinou and RIHMFC, dated November 15, 1991 and secured by a Mortgage from Etta E. Malinou to RIHMFC, dated November 15, 1991 and recorded in the Office of the Recorder of Deeds of the City of Providence on November 27, 1991 in Book 2482 at Page 89 with respect to the property located at 334 Smith Street, Providence, Rhode Island.
2. Etta Malinou failed to pay real estate taxes for 1997, 1998 and 1999.
3. Demand was made on behalf of RIHMFC on August 16, 2000 for payment in full of the outstanding balance of the Note.

4. At the same time, a notice to foreclose was given to the borrower with a scheduled foreclosure date of September 28, 2000.

5. On or about September 5, 2000, Etta Malinou filed a Chapter 13 bankruptcy proceeding.

6. An Order confirming the debtor's plan was entered by the Court on December 20, 2000. The plan provided that the debtor was responsible for ongoing (post petition) payments of property taxes and the repayment of property taxes by RIHMFC over a period of time.

7. Etta Malinou had difficulty meeting her obligations due under the plan, including her failure to make tax payments. After the original plan failed, Etta Malinou filed an amended plan which was approved by the Court on June 3, 2002.

8. The trustee subsequently filed a motion to dismiss the case on October 3, 2002 for failure to comply with the plan.

9. After a few continuances, a hearing was held on February 13, 2003, at which time the Court was informed of the Debtor's death in January 2003.

10. An order dismissing the case was granted on February 26, 2003, effective March 26, 2003.

11. RIHMFC assigned 359 reverse mortgages to Seattle Savings Bank pursuant to an agreement between RIHMFC and Seattle Savings Bank, dated April 30, 2003. RIHFMC received payment from Seattle Savings Bank for the assignment of all of these reverse mortgages in phases between April 30, 2003 and approximately June 2003. The Mortgage was assigned to Seattle Savings Bank by RIHMFC pursuant to this agreement.

12. The assignment is dated October 31, 2002.

13. It was delivered to Seattle Savings Bank on June 2, 2003.

14. The assignment was recorded in the Office of the Recorder of Deeds in the City of Providence on June 3, 2003.

15. Martin Malinou obtained the property by devise from Etta Malinou.

16. Seattle Savings Bank sent a letter to Martin Malinou on June 30, 2003, stating that it had purchased the loan from RIHMFC in June 2003, and that the loan by its terms was due and payable.

17. Martin Malinou failed to pay the loan in full and a demand letter and notice of foreclosure was sent on behalf of Seattle Savings Bank on August 22, 2003 scheduling a foreclosure sale for October 15, 2003.

18. On or about October 10, 2003, Martin Malinou filed a Chapter 13 bankruptcy proceeding. Thereafter, Martin Malinou filed a plan and two amended plans of reorganization, all of which were denied by the Court and the Chapter 13 bankruptcy proceeding was dismissed on March 19, 2004.

19. Seattle Savings Bank objected to all of the plans filed by Martin Malinou.

20. On March 11, 2004, Seattle Savings Bank represented to the Court that the appraisal was for $162,000.00.

21. Seattle Savings Bank forbeared from acting against the property from March 2004 through December 2004 to provide Martin Malinou with an opportunity to pay the Note in full without foreclosure.

22. When Seattle Savings Bank failed to receive a proposal or payment from Malinou, a demand and a reschedule of the foreclosure was sent out on January 10, 2005, scheduling the foreclosure sale for March 3, 2005.

23. On or about March 2, 2005, Martin Malinou filed a second Chapter 13 bankruptcy proceeding.

24. After five plans for repayment were denied by the Court, the bankruptcy case was dismissed with prejudice on October 12, 2005, with a dismissal order entered on the docket on October 28, 2005.

25. Martin Malinou was barred for a period of 180 days from refilling a bankruptcy proceeding because he voluntarily requested a dismissal of his case after a request for relief from the automatic stay was filed by Seattle Savings Bank. 11 U.S.C. 109(g)(2).

26. Again, after Seattle Savings Bank did not receive payment in full, a demand letter was sent on November 7, 2005 scheduling the foreclosure sale for January 11, 2006, Martin Malinou filed an action in Providence Superior Court seeking a temporary restraining order.

27. Said temporary restraining order was granted and Martin Malinou thereafter sought a preliminary injunction.

28. Seattle moved to consolidate the preliminary injunction hearing with a trial on the merits.

29. On January 19, 2006, Judge Savage entered an Order granting the consolidation, restraining Seattle from conducting a foreclosure sale, preserving Malinou's right

to advertise the continuation of the foreclosure sale from time to time, take discovery.

30. After a civil trial without a jury before, Associate Justice Judith Colenback Savage, a decision was announced in open Court on March 27, 2006 denying and dismissing with prejudice Counts I and II of Debtor's Amended Complaint and entering judgment in favor of Seattle Savings Bank.

31. Count III of Debtor's Amended Complaint was denied and dismissed without prejudice.

32. Count IV of Debtor's Amended Complaint, insofar as Debtor's declaratory relief to declare the assignment of the mortgage as null and void for lack of consideration or as violative of the automatic stay provisions of federal bankruptcy law, was denied and dismissed with prejudice and judgment entered for the Defendant.

33. The remainder of Count IV of Debtor's Amended Complaint was denied and dismissed without prejudice and judgment was entered for the Defendant.

34. On December 7, 2006, Debtor filed a Complaint in Providence Superior Court for a temporary restraining order to enjoin a foreclosure sale of the subject property scheduled for Tuesday, December 12, 2006.

35. After an extended hearing on Debtor's Motion, Judge Fortunato denied the Motion and authorized Seattle to proceed with its foreclosure of the subject property on Tuesday, December 12, 2006. With the instant filing, the Debtor has again filed another bankruptcy proceeding, specifically to stall, delay and run up

the costs of the inevitable foreclosure sale, as well as run up the costs that Seattle must incur in exercising its remedies.

36. The Debtor has been successful for many years in preventing Seattle from foreclosing on its property and has successfully run up the fees and costs associated with the mortgage. The total amount owing for the original maximum amount was never intended to exceed One Hundred Sixty-Eight Thousand Dollars ($168,000.00). As of the hearing on Friday, before Judge Fortunato, the pay-off amount was approximately Three Hundred Thousand Dollars ($300,000.00).

37. Seattle argues that the property is substantially under collateralized and the Debtor, during the course of previous bankruptcies and to the present, has not demonstrated any ability to formulate a feasible Chapter 13 plan or has offered a reasonable and feasible plan to pay the mortgage. The abuse of the legal system and herein specifically the Bankruptcy Code, in order to allow the Debtor to facilitate his efforts to further delay the foreclosure of this property, should be stopped at the present time and Seattle should be granted immediate relief from stay to foreclose.

WHEREFORE, Seattle respectfully requests that this Court enter an Order granting it immediate relief to foreclose and authorize the foreclosure sale to proceed on Tuesday, December 12, 2006, and/or in the alternative, that if the Court finds it appropriate to schedule an Evidentiary Hearing in the above-referenced matter, that Seattle be permitted the ability to continue the foreclosure sale for a two (2) week period and then schedule an Evidentiary Hearing within that time.

SEATTLE SAVINGS BANK

By their attorneys,

DATE: December 11, 2006

/s/ Peter J. Furness

Peter J. Furness (#3608)
Benjamin M. Scungio (#2902)
Lauren F. Verni (#6831)
BRENNAN, RECUPERO, CASCIONE
SCUNGIO & McALLISTER, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 Phone
(401) 453-2345 Fax

**NOTICE**

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof) of the foregoing paper, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party in interest who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, Sixth Floor, Providence, RI 02903 (401) 528-4477. If no such objection is filed within the time allowed herein, the paper will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires otherwise.

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Motion for Relief from Stay was sent via facsimile and hand-delivered to the following this the 11th day of December, 2006.

**Electronic Mail Notice List** - Parties in the case only

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

**Manual Notice List** - Parties in the case only

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Martin S. Malinou

334 Smith Street, Providence

RI -02908

Leonard DePasquale, U.S. Trustee

US Trustee's Office, Room 910

10 Dorrance Street

Providence, RI 02903

/s/ Peter J. Furness

**File a Motion:**

1:06-bk-11456 Martin S. Malinou

| | | |
|---|---|---|
| Type: bk | Chapter: 13 v | Office: 1 (Providence) |
| Assets: y | Case Flag: PlnDue, NOASSIGN, DUPFILER, Pro_Se, NTCAPR | |

**United States Bankruptcy Court**

**District of Rhode Island**

Notice of Electronic Filing

The following transaction was received from Furness, Peter J. entered on 12/11/2006 at 3:05 PM EST and filed on 12/11/2006

**Case Name:** Martin S. Malinou
**Case Number:** 1:06-bk-11456
**Document Number:** 6

**Docket Text:**
Motion for Relief from Stay re:real estate Fee Amount $150, Filed by Creditor Seattle Savings Bank. Objections to Motion Due: 12/26/2006. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3).(Furness, Peter)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**P:\Active Clients\BMS files\FORECLOSURES\SEATTLE MORTGAGE\Malinou 06-0818 \Emergency Motion for Relief from Stay.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1019154485 [Date=12/11/2006] [FileNumber=1151072-0] [236951 8a2c0a0899cf02f5680162d2a92f83d278a4ed0a7201814fc35841df7387 e6f81464051fcc205f3f955209b6510a557198ec57705eebb1479664faabd9]]

**1:06-bk-11456 Notice will be electronically mailed to:**

Leonard DePasquale ustpregion01.pr.ecf@usdoj.gov

Peter J. Furness pjf@brcsm.com, kmccarthy@brcsm.com

**1:06-bk-11456 Notice will not be electronically mailed to:**

Martin S. Malinou
334 Smith Street
Providence, RI 02908

EXHIBIT 12

FILED DEC 12 '06 15:46 USBCRI

UNITED STATES BANKRUPTCY COURT

DISTRICT OF RHODE ISLAND

In Re:

MARTIN S MALINOU,
Debtor.

BK No. 06-11456

Chapter 13

OBJECTION TO EMERGENCY HEARING FOR SEATTLE BANK

Debtor objects to the Motion filed by SEATTLE SAVINGS BANK seeking an Order scheduling a hearing on its Motion For Relief From Stay on an emergency basis in order to conduct a mortgagee's sale of real estate (the debtor's principal residence) located at 334 Smith Street in the City of Providence, Rhode Island.

There is no emergency. The debtor is entitled to a meaningful opportunity to prepare for a hearing on the Motion For Relief From Stay. The debtor needs the testimony of Michael Cianchetti, an employee of the Federal National Mortgage Association ("Fannie Mae") which is the real party in interest in the mortgage. Mr. Cianchetti has failed to return telephone calls from the debtor. "Fannie Mae" refuses to answer the debtor's questions concerning the alleged assignment of the mortgage (or servicing rights) to SEATTLE SAVINGS BANK, and specifically refused to say whether the mortgage on 334 Smith Street was one of 355 mortgages it approved for a transfer to SEATTLE SAVINGS BANK in a transfer of only investment quality reverse mortgages in bulk.

(In recent months "Fannie Mae" paid a Four Hundred Million Dollar civil penalty to the United States government to settle charges of investor fraud in using unacceptable accounting practices to inflate its income from its portfolios, including reverse mortgages.)

The debtor has attempted to resolve the claim of the mortgagee by following the law and the contract regarding payoffs. He has offered to payoff the mortgage note at 95% of the present fair market value of the real estate as a single family residence as determined by the United States Department of Housing and Urban Development. That value is less than the approximately $300,000.00 demanded by SEATTLE SAVINGS BANK and the debtor has a right to payoff the note at the lesser amount. With that principle in mind there is no logic to the statement of SEATTLE SAVINGS BANK that the property is "dramatically under-secured". If SEATTLE SAVINGS BANK is the mortgagee or its agent, it simply refuses to abide by the law and contract requirements that HUD does the appraisal and that 95% of the appraised value will payoff the note.

The subject matter of the instant motion is a Home Equity Conversion Mortgage (HECM) insured by the United States Department of Housing and Urban Development and governed by Section 206.125 Rules and Regulations enacted under section 255 of the National Housing Act (12 U.S.C. 1715z-20), published in the Federal Register, volume 54, No. 110 on June 9, 1989. The rules confer a right on a homeowner to pay and an obligation on the mortgagee to accept 95% of the appraised value of the subject property as a full payoff of the mortgage note. The Rules provide (Sec. 206.125(b)) that the HUD Secretary informs both parties in writing of the appraised value of the property. HUD Handbook 4330.1 Rev-5, Sec. 29 provides that the value shall be as determined by the HUD office having jurisdiction over the property.

Debtor denies any bad faith in demanding that the mortgagee (or its agents) abide by the Rules and the contract with the homeowner.

Martin Malinou, debtor
334 Smith Street
Providence, RI 02908
(401) 331-6554

December 12, 2006

Certificate of Service

I certify that on December 12, 2006, I served a copy of the within Objection to SEATTLE SAVINGS BANK'S Motion for an emergency hearing on Benjamin Scungio, Esq., 362 Broadway, Providence, RI 02909, attorney of record for Seattle Savings Bank, by regular mail, postage prepaid, and by Fax at (401) 453-2345.

Martin Malinou

EXHIBIT 13

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

MARTIN S. MALINOU
Debtor(s)

BK No. 06-11456
Chapter 13

**ORDER ALLOWING CREDITOR SEATTLE SAVINGS BANK TO CONTINUE ADVERTISING ITS FORECLOSURE SALE**

On December 11, 2006, Seattle Savings Bank filed an Emergency Motion for Relief From Stay [Doc.#6] and a request to conduct an emergency hearing on its motion [Doc. # 7].

After consideration of the pleadings, it is ORDERED that Seattle Savings Bank is allowed to continue running its foreclosure advertisements until the above-referenced motions are heard on December 13, 2006.

ORDER:

Deputy Clerk

ENTER:

Arthur N. Votolato
U.S. Bankruptcy Judge
Date:

EXHIBIT 14

***UNITED STATES BANKRUPTCY COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

| | |
|---|---|
| In Re: **Martin S. Malinou**<br><br>Debtor(s) | BK No. **1:06–bk–11456**<br>Chapter **13** |

***<u>Order Granting Motion/Application (doc# 7 ) After Hearing</u>***

**Re: Motion of Seattle Savings Bank for Expedited Hearing**

Upon consideration of the Motion/Application and any objection or response thereto, and after hearing, IT IS ORDERED that for the reasons stated by the Court in its bench decision which are incorporated herein by reference, the Motion/Application (doc# 7 ) is **GRANTED** .

Judgment #: 1:06–bk–11456 – 14 – 7

***ORDER:***

LLC
Deputy Clerk

***ENTER:***

Arthur N. Votolato
U.S. Bankruptcy Judge
Date: **12/13/06**

Entered on Docket: **12/13/06**
Document Number: **14 – 7**

ogmaah.jsp #119

EXHIBIT 14

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re: )
MARTIN S. MALINOU ) Case No: 06-11456
) Chapter 13
Debtor. )
)

**ORDER ON SEATTLE SAVINGS BANK'S EMEREGENCY MOTION FOR RELIEF FROM STAY**

After notice being given and after hearing being conducted, on December 13, 2006, upon Seattle Savings Bank's Emergency Motion for Relief from Stay to permit Seattle Savings Bank ("Seattle") to conduct a foreclosure sale of the property located at 334 Smith Street, Providence, RI, the Court finds as follows:

1. After hearing, Seattle's Emergency Motion for Relief from Stay to conduct a foreclosure is GRANTED;
2. The Court adopts the arguments submitted in Seattle's pleadings and argued by its counsel;
3. There is no merit to, and the Debtor has failed to introduce any proof, to support his allegations and defenses to Seattle's Motion for Relief.

**SO ORDERED** this the ____ day of December, 2006.

Honorable Arthur N. Votolato
United States Bankruptcy Judge

Prepared By:

Attorneys for Seattle Savings Bank
/s/ Peter J. Furness
Peter J. Furness, Esq.
BRENNAN, RECUPERO, CASCIONE
SCUNGIO & McALLISTER, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 Phone
(401) 453-2345 Fax

**Miscellaneous:**

1:06-bk-11456 Martin S. Malinou
Type: bk Chapter: 13 v Office: 1 (Providence)
Judge: anv Assets: y
Case Flag: PlnDue, DUPFILER, Pro_Se, NTCAPR, Filed as ProSe, APPEAL

**United States Bankruptcy Court**

**District of Rhode Island**

Notice of Electronic Filing

The following transaction was received from Furness, Peter J. entered on 12/15/2006 at 5:26 PM EST and filed on 12/15/2006
**Case Name:** Martin S. Malinou
**Case Number:** 1:06-bk-11456
**Document Number:** 24

**Docket Text:**
Proposed Order After Hearing *on Seattle Savings Bank's Emergency Motion for Relief from Stay* Filed by Creditor Seattle Savings Bank (related document(s) Hearing Held (Bk), Hearing Held (Bk), Hearing Held (Bk), Hearing Held (Bk), Hearing Held (Bk), Hearing Held (Bk)). Status Check Due by:12/20/2006. (Furness, Peter)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**P:\Active Clients\BMS files\FORECLOSURES\SEATTLE MORTGAGE\Malinou 06-0818\Order on Emergency Motion for Relief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1019154485 [Date=12/15/2006] [FileNumber=1154711-0] [002908a4c582f95c70ec989617fcd6bef00e73646c6e528b0dc58af494940cb748 54ab8c2649efe5c59806c9b0f3ba5d7cbab23da53ad90292d171797e613a7c]]

**1:06-bk-11456 Notice will be electronically mailed to:**

John Boyajian john@bhrlaw.com, martha@bhrlaw.com

Leonard DePasquale ustpregion01.pr.ecf@usdoj.gov

Peter J. Furness pjf@brcsm.com, kmccarthy@brcsm.com

**1:06-bk-11456 Notice will not be electronically mailed to:**

Martin S. Malinou
334 Smith Street
Providence, RI 02908