FILED DEC 26 '06 14:48 USBCRI

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF RHODE ISLAND

In Re )
) BK No. 06-11456
MARTIN S MALINOU, )
) On Appeal From Judgment Order 12/15/06
Debtor. ) APPELLANT'S RECORD DESIGNATION AND ISSUES STATEMENT
)

Debtor designates the following parts of the record for inclusion in the record on appeal:

1. Docket text 12/11/06 thru 12/15/06

2. Transcript Order form for 12/13/06 hearing

3. Notice of Appeal by debtor

4. Election To District Court by debtor/appellant

5. Judgment Order entered 12/15/06

6. Order Granting Motion For Relief From Stay By Seattle Savings Bank (doc 19)

7. Order Granting Motion/Application (doc 7) (doc 14)

8. Exhibit List of Seattle Bank

9. 1 - transcript of hearing before Judge Savage
10. 2 - Note
11. 3 - Amendment to Note
12. 4 - Mortgage
13. 5 - Assignment of Mortgage

14. Exhibit List of debtor

15. A - 4/10/03 Letter from Fannie Mae
16. B - 4/30/03 Purchase Agreement
17. C - Letter to Landau
18. D - Letter to HUD
19. E- List of 359 mortgages
20. F - Five HUD Handbook pages

21. Notice of hearing on 12/13/06

22. Debtor's OBJECTION TO EMERGENCY HEARING FOR SEATTLE BANK

23. MOTION FOR EMERGENCY HEARING ON SEATTLE SAVINGS BANK'S etc

24. EMERGENCY MOTION FOR RELIEF FROM STAY filed by Seattle Savings

25. Voluntary petition (3 pages)

Debtor/appellant will present the following issues on appeal to the United States District Court:

1. Did appellee SEATTLE SAVINGS BANK show an emergency need for relief from the automatic stay to foreclose on appellant's real estate? No.

2. Was appellant afforded a meaningful opportunity to prepare for the emergency hearing conducted in bankruptcy court of December 13, 2006? No.

3. Was the granting of the appellee's motion for an emergency hearing on December 13, 2006, arbitrary? Yes.

4. Was the granting of the appellee's motion for an emergency hearing on December 13, 2006, plain error? Yes.

5. Did the bankruptcy court arbitrarily deny appellant's motion to continue the December 13, 2006, to afford him an opportunity to produce witnesses and documentary evidence? Yes.

6. Did the bankruptcy court err in allowing appellee's exhibits to be admitted in evidence as full exhibits over objection? Yes.

7. Did the bankruptcy court err in refusing to take judicial notice of its own records for April 2002 showing representations by the Rhode Island Housing and Mortgage Finance Corporation that appellant's real estate has a market value of $90,000.00? Yes.

8. Does appellee Seattle Savings Bank have standing to seek relief from the automatic stay without filing a claim in the bankruptcy court? No.

9. Is the holder of the mortgage undersecured? No.

10. Is the real estate the only security interest avaiable to the holder of the mortgage under the loan documents? No.

11. Is the appellant entitled to pay off the mortgage note in full with a payment of 95% of the fair market value of the real estate as a single family home as determined by the Department of Housing and Urban Development? Yes. Has appellant offered to do so? Yes. Is appellant able to do so? Yes.

12. Is the mortgagor entitled to pay off the mortgage note in full with a payment of 95% of the fair market value of the real estate as a single family home as determined by the Department of Housing and Urban Development? Yes. Has the estate offered to do so? Yes. Is the estate able to do so? Yes.

13. Does the Department of Housing and Urban Development has a clear legal duty to appraise the real estate and notify the mortgagor and mortgagee in writing of the fair market value of the real estate at the present time? Yes.

14. What did appellee Seattle Savings Bank know concerning the failure of Fannie Mae to use acceptable accounting principles in its reverse mortgage portfolio, and when did Seattle know it?

15. What did appellee Seattle Savings Bank know concerning the use of signatures on Fannie Mae documents, and when did Seattle know it?

Does appellant have standing? Yes. The Court raises the issue.

Martin Malinou (0557)
Appellant
334 Smith Street
Providence, RI 02908
(401)331-6554

December 26, 2006

Certificate of Service

I certify that on December 26, 2006, I mailed a copy of the within Appellant's Designation of Record and Issues Statement by regular mail, postage prepaid at Providence, RI, to the following:

Peter Furness, Esq., attorney of record for appellee, at his usual office address, 362 Broadway, Providence, RI 02909;

John Boyajian, Chapter 13 Trustee, 182 Waterman Street, Providence, RI 02906; and

Leonard DePasquale, US Trustee, 10 Dorrance Street, Room 910, Providence, RI 02903.

Martin Malinou
Appellant
334 Smith Street
Providence, RI 02908
(401)331-6554