UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re:<br>MARTIN S. MALINOU<br><br>Debtor. | Case No: 06-11456<br>Chapter 13<br><br>United States District Court<br>District of Rhode Island, Civil<br>Docket No.: 06-00544-S-DLM |

FILED JAN 05 '07 15:35 USDCRI

**APPELLEE, SEATTLE SAVINGS BANK'S DESIGNATION OF THE RECORD ON APPEAL AND RESPONSE TO DEBTOR'S ISSUES ON APPEAL**

NOW COMES, Appellee, Seattle Savings Bank ("Seattle"), and hereby designates the following parts of the record for inclusion in the record on appeal:

1. Transcript of Trial Hearing Before Honorable Arthur N. Votolato, United States Bankruptcy Judge, Bk. No. 06-11456, on December 13, 2006;
2. Order Granting Motion for Relief from Stay by Seattle Savings Bank, Debtor, Martin S. Malinou, Bk. No. 06-11456, entered December 15, 2006;
3. Judgment Order Granting Motion for Relief from Stay by Seattle Savings Bank, Debtor, Martin S. Malinou, Bk. No. 06-11456, entered December 15, 2006;
4. Order Granting Motion/Application After Hearing Re: Motion of Seattle Savings Bank for Expedited Hearing, Debtor, Martin S. Malinou, Bk. No. 06-11456, dated December 13, 2006;
5. Order Allowing Creditor Seattle Savings Bank to Continue to Advertise Its Foreclosure Sale, Debtor, Martin S. Malinou, Bk. No. 06-11456;

6. Providence County Superior Court, C.A. No. 06-6376, Transcript of Hearing before Associate Justice Stephen J. Fortunato on December 8, 2006 denying Debtor's request for Temporary Restraining Order;

7. Providence County Superior Court, C.A. No. 06-0193, Judgment of Associate Justice Judith Colenback Savage, dated April 5, 2006 and attached transcript of hearing held on March 27, 2006 before J. Savage;

8. Order of United States Bankruptcy Court for the District of Rhode Island Dismissing Debtor, Martin S. Malinou's Case With Prejudice, Bk. No. 05-10618, entered October 28, 2005;

9. United States Bankruptcy Court for the District of Rhode Island, Chapter 13 Docket for Debtor, Martin S. Malinou, Bk. No. 05-10618, date filed March 2, 2005;

10. Order of Untied States Bankruptcy Court for the District of Rhode Island Dismissing Debtor, Martin S. Malinou's Case, Bk. No. 03-13552, entered March 19, 2004;

11. United States Bankruptcy Court for the District of Rhode Island, Chapter 13 Docket for Debtor, Martin S. Malinou, Bk. No. 03-13552, date filed October 10, 2003; and

12. United States Bankruptcy Court for the District of Rhode Island, Chapter 13 Docket of Debtor, Etta E. Malinou, Bk. No. 00-13306, date filed September 25, 2000.

**RESPONSE TO DEBTOR'S ISSUES ON APPEAL**

Appellee generally disputes all issues raised by the Appellant in his Issues Statement and asks the Court to terminate the stay issued on December 18, 2006 and allow the Appellee to resume its foreclosure proceedings against the property in question to occur on or after January 19, 2007. Appellee further contests many of the issues raised by Appellant in his Issues Statement which were never raised and/or argued before the Bankruptcy Court in this proceeding. Appellee more specifically addresses the issues as follows:

a) In response to Appellant's Issues #1 – 4, Appellee states that the Bankruptcy Court did not clearly err with respect to its granting Seattle's Motion for an Emergency Hearing under the factual circumstances presented to the Court and Debtor's prior history before the Court.

b) In response to Appellant's Issue #5, the Bankruptcy Court did not clearly err in denying Debtor's oral motion to continue the emergency hearing to December 13, 2006 under the factual circumstances presented to the Court and Debtor's prior history before the Court.

c) In response to Appellant's Issue #6, the Bankruptcy Court did not clearly err in allowing Appellee's exhibits to be admitted in evidence as full exhibits over objection. The Bankruptcy Court's ultimate ruling on Appellee's Emergency Motion for Relief from Stay would not have changed even if the exhibits were admitted into evidence as full exhibits; therefore, no reversible error occurred.

d) In response to Appelant's Issue #7, the Bankruptcy Court did not clearly err in refusing to take judicial notice of alleged statements made by Appellee in 2002

regarding the valuation of collateral for purposes of considering valuation of the same collateral in December, 2006.

e) In response to Appelant's Issues #8-10, the Debtor never raised these issues in his objection to Appellee's Emergency Motion for Relief from Stay (the "Objection"), nor did Debtor raise these issues at the emergency hearing before the Bankruptcy Court, nor did the Bankruptcy Court actually make a ruling on any of these issues and therefore, Debtor does not have the right to raise these issues in his appeal to this Court.

f) In response to any and all the issues contained in Appellant's Issue #11, Appellee states that the Bankruptcy Court did not specifically address or rule on these issues during the hearing on its Order granting Relief from Stay and Debtor does not have the right to raise these issues in his appeal to this Court.

g) In response to Appellant's Issues #12-13, Appellee states that the Bankruptcy Court did not specifically address or rule on these issues and Appellant does not have the right to raise these issues in his appeal to this Court.

h) In response to Appellant's Issues #14-15, the Debtor failed to raise any of these issues in his Objection, the Bankruptcy Court did not address or rule on these issues and Appellant does not have the right to raise these issues in his appeal to the Court.

i) Debtor does have standing to bring this appeal as addressed by Appellee in its Memorandum of Law filed with this Court on January 3, 2007.

Respectfully Submitted,

SEATTLE SAVINGS BANK

By its Attorneys,

DATE: January 5, 2007

/s/ Peter J. Furness (#3608)
Benjamin M. Scungio (#2902)
Lauren F. Verni (#6831)
Brennan, Recupero, Cascione,
Scungio & McAllister
362 Broadway
Providence, RI 02909
453-2300
Fax: 453-2345

**NOTICE**

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof) of the foregoing paper, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party in interest who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, Sixth Floor, Providence, RI 02903 (401) 528-4477. If no such objection is filed within the time allowed herein, the paper will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within was sent via facsimile and first class mail to those listed on the Manual Notice List below and by email to those listed on Electronic Mail Notice List of the following this the 5th day of January, 2007.

**Electronic Mail Notice List** - Parties in the case only

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

John Boyajian john@bhrlaw.com, Martha@bhrlaw.com

Leonard DePasquale ustpregion01.pr.ecf@usdoj.gov

Peter J. Furness pjf@brcsm.com, kmccarthy@brcsm.com

**Manual Notice List** - Parties in the case only

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Martin S. Malinou

334 Smith Street
Providence, RI 02908

/s/ Peter J. Furness