UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTIN S. MALINOU,
Debtor-Appellant,

v. C.A. No. 06-544 S

SEATTLE SAVINGS BANK,
Appellee.

MEMORANDUM AND ORDER

William E. Smith, United States District Judge.

Debtor-Appellant Martin S. Malinou ("Malinou") appeals from an order of the bankruptcy court granting Seattle Savings Bank's (the "Bank") Emergency Motion for Relief from Stay to Foreclose on the Property. Malinou appealed to the district court, which, on the condition that Malinou post a $5,000 bond to cover the Bank's financial losses associated with its status as mortgagee of the property, reinstituted the stay pending resolution of the appeal. After careful consideration, the Court affirms the order of the bankruptcy court for the reasons that follow.

This Court, sitting in appeal of the bankruptcy court's decision to grant relief from the automatic stay, reviews for abuse of discretion. Peerless Ins. Co. v. Rivera, 208 B.R. 313, 314-15 (D.R.I. 1997); see Bright v. Washington Mut. Bank, F.A. (In re Bright), 338 B.R. 530, 534 (1st Cir. B.A.P. 2006) (citing Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 973 n.4 (1st

Cir. 1997)). A bankruptcy court abuses its discretion if it ignores "a material factor deserving significant weight," relies upon "an improper factor" or makes "a serious mistake in weighing [proper factors]." Cf. Indep. Oil & Chem. Workers of Quincey, Inc. v. Proctor & Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988).

The Court finds no such abuse of discretion here. The bankruptcy court presumably and supportably based its decision to hold an emergency hearing on the basis of a pending foreclosure sale, which Malinou's repetitive chapter 13 filings — with an interlude in the state court that happened to span the 180-day waiting period required under 11 U.S.C. § 109(g) — had managed to forestall on several occasions during the past six years. See 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" as "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances"); see also Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 381 (1st Cir. B.A.P. 2006) ("Notice does not need to be perfect; it must only be reasonable based upon the circumstances of the case."). Also, Malinou's reliance on an obscure Housing and Urban Development regulation, upon which his entire chapter 13 proceeding is premised, is misplaced. See 24 C.F.R. 206.125 (providing that, in a sale to a third-party purchaser, mortgagor may payoff mortgage in full by paying 95% of the appraised value of the property). In any event, Malinou has failed to present any evidence (now, at the emergency hearing, or

over the past six years) that he has the means to pay that amount.

The order of the bankruptcy court is therefore affirmed. Accordingly, the stay is lifted and the Bank may proceed to foreclose on the property. Should it choose to do so, the Bank may move for recuperation of financial losses incurred during the pendency of this appeal, with supporting documentation, to be drawn from the bond. If no such motion is made within ten business days from the entry of this order, Malinou may move to collect the bond.

It is so ordered.

WESmith

William E. Smith
United States District Judge

Date: 3/27/07