UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re<br><br>MARTIN S. MALINOU,<br>Debtor<br><br>MARTIN S. MALINOU,<br>Appellant,<br>vs.<br><br>SEATTLE SAVINGS BANK,<br>Appellee. | Civil Docket No. 06-544-S-DLM<br><br>On Appeal From Order 3/27/07 Judgment 4/27/07<br><br>APPELLANT'S RECORD DESIGNATION AND ISSUES STATEMENT |

Appellant designates the following parts of the record for inclusion in the record on appeal to the United States Court of Appeals:

1. USDC docket text from 12/15/06 to ending date
2. USDC Judgment entered 4/27/07 (doc. 23)
3. USDC Memorandum and Order entered 3/27/07 (doc. 18)
4. Notice of Appeal filed 4/25/07 to Court of Appeals (doc. 22)
5. USDC transcript of hearing on 12/18/06 (doc. 9)
6. USDC transcript of hearing on 1/19/07
7. USDC letter of transmission dated 4/27/07 (doc. 24) with Appeal Cover Sheet and certification
8. Appellee's Request For Recuperation Of Losses (doc. 19) and supporting exhibits (doc. 20)
9. Appellant's OBJECTION to Recuperation of Losses (doc. 21)
10. Notice of appeal from Bankruptcy Court to USDC (doc. 1)
11. Appellant's Emergency Motion For Stay Pending Appeal (doc. 2)
12. Response In Opposition by appellee to stay (doc. 3) with attachments (exhibits)
13. Appellant's memorandum in support of stay (doc. 4)

14. Order on appellant's motion for stay (doc. 6) 12/20/06

15. Bankruptcy Court appeal record (USDC doc. 13)

16. Appellant's brief filed 2/5/07 (doc. 16) with appendix

17. Appellee's brief filed 2/12/07 (doc. 17)

18. Bkcy Court docket text from 12/11/06 thru 12/15/06

19. Election to District Court from Bkcy Court

20. Bkcy judgment order entered 12/15/06

21. Bkcy Court Order granting motion for relief from stay to Seattle Savings Bank (Bkcy Court doc. 19)

22. Bkcy Court Order granting motion/application (Bkcy Court doc. 7) (doc. 14)

23. Bkcy Court notice of hearing on 12/13/06

24. Bkcy Court exhibits and list by Seattle Savings Bank (#1 transcript of hearing before Judge Savage; #2 Note; #3 Amendment to Note; #4 Mortgage; #5 Assignment of mortgage)

25. Bkcy Court exhibits and list by Appellant (#A 4/10/03 letter from Fannie Mae; #B 4/30/03 Purchase Agreement; #C Letter to Landau; #D Letter to HUD; #E List of 359 mortgages; #F Five HUD Handbook pages)

26. Bkcy Court OBJECTION by appellant to emergency hearing for appellee

27. Bkcy Court MOTION FOR EMERGENCY HEARING by appellee

28. BKCY Court EMERGENCY MOTION FOR RELIEF FROM STAY filed by appellee SEATTLE SAVINGS BANK

29. Voluntary petition (3 pages) filed in Bkcy Court by appellant on 12/11/06

30. USDC stay Order with bond posting required (doc. 10)

Appellant will present the following issues on appeal to the United States Court of Appeals for the First Circuit:

1. Did appellee SEATTLE SAVINGS BANK show an emergency need for relief from the automatic stay to foreclose on appellant's real estate? No.

2. Was the appellant afforded a meaningful opportunity to prepare for the emergency hearing conducted in bankruptcy court on December 13, 2006? Appellant answers in the negative.

3. Was the granting of appellee's motion for an emergency hearing (for relief from the automatic stay in order to foreclose) by the bankruptcy court arbitrary and plain error? Yes

4. Did the bankruptcy court arbitrarily deny appellant's motion to continue the December 13, 2006, hearing to afford him an opportunity to produce witnesses and documentary evidence? Yes

5. Did appellee SEATTLE SAVINGS BANK have standing to seek relief from the automatic stay without filing a claim in bankruptcy court and without producing any legally competent evidence that any amount of money was owed by the mortgagor on the mortgage which is the subject matter of this appeal? No

6. Is the appellant entitled to pay off the mortgage note in full with a payment of 95% of the fair market value of the real estate as a single family home as determined by the Department of Housing and Urban Development? Yes. Has appellant offered to do so? Yes. Is appellant able to do so? Yes.

7. Is the mortgagor entitled to pay off the mortgage note in full with a payment of 95% of the fair market value of the real estate as a single family home as determined by the Department of Housing and Urban Development? Yes. Has the estate offered to do so? Yes. Is the estate able to do so? Yes.

8. Does the Department of Housing and Urban Development have a clear legal duty to appraise the real estate and notift the mortgagor and the mortgagee in writing of the fair market value of the real estate at the present time? Yes.

9. Were any losses claimed by appellee SEATTLE SAVINGS BANK in seeking recuperation from the $5,000 cash bond deposited by Appellant in the Resistry of the District Court supported by any legally competent evidence? No.

10. Is the appellant entitled to an accounting from appellee Seattle Savings Bank of funds held by appellee to the credit of the Estate of Etta E Malinou before it receives recuperation of claimed losses from the cash bond of appellant in the Registry of the District Court? Yes.

/s/ MARTIN S. MALINOU, pro se
Appellant
334 Smith Street
Providence, RI 02908
Phone/Fax (401) 331-6554